450 P.2d 621

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Isidro GARCIA, Defendant-Appellant.**
**No. 8640.**

Supreme Court of New Mexico.
Feb. 17, 1969.

B. Leonard Levy, Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

COMPTON, Justice.

Appellant was convicted by a jury of the crimes of burglary and assault with intent to commit rape. He filed an appeal from the conviction, but later abandoned the appeal. He now appeals from an order denying post conviction relief under Rule 93, § 21–1–1(93), N.M.S.A.1953 (1967 Supp.). He bases his appeal on several points.

Appellant first asserts that he was denied due process of law by the admission into evidence testimony of another independent crime. This claim of error is without merit. The prosecutrix, Alice Carlson, testified that she was attacked by the appellant around 1:50 a. m., December 12, 1964. The appellant offered evidence tending to show that he was in a certain bar from 8:30 p. m., December 11, until 1:45 a. m., December 12, 1964. In addition, he contends that he did not have an alibi for the exact time of the alleged offense because of the distance between the bar and the residence of the prosecutrix, which was some twenty blocks away. Nevertheless, it was for the jury to determine whether the proffered alibi included the time of the offense. To rebut the alibi, Miss Juliane Hamilton testified that she was attacked by the appellant around 12:45 a. m., December 12, 1964, at a place other than the bar.

Generally, evidence of collateral offenses is inadmissible to prove guilt of a

specific crime. State v. Velarde, 67 N.M. 224, 354 P.2d 522; State v. Nelson, 65 N.M. 403, 338 P.2d 301. But there are exceptions to the rule, for instance, where proof of collateral offenses tend to identify the person charged with the commission of the crime on trial. State v. Lord, 42 N.M. 638, 84 P.2d 80. Such evidence is also admissible to rebut the defense of alibi. People v. Popescue, 345 Ill. 142, 177 N.E. 739, 77 A.L.R. 1199; State v. Griffin, 336 S.W.2d 364 (Mo.); Warren v. State, 178 Tenn. 157, 156 S.W.2d 416; Thomas v. State, 132 Fla. 78, 181 So. 337. That the evidence may have been prejudicial does not render it inadmissible. State v. Borrego, 52 N.M. 202, 195 P.2d 622.

Appellant claims that he abandoned his appeal because he relied on a promise that he would not be sentenced under the habitual criminal act. See Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837. The record, however, does not support his claim. It shows that he voluntarily abandoned his appeal.

■ Ordinarily post conviction proceedings are not intended to be utilized as a substitute for appeal as a means of correcting error occurring during the course of trial, State v. Williams, 78 N.M. 431, 432 P.2d 396; State v. Sedillo, 79 N.M. 254, 442 P.2d 212, even though the errors relate to constitutional rights. It is only where there has been a denial of the substance of fair trial that the validity of the proceeding may be attacked collaterally. Diaz v. United States, 264 F. Supp. 937, aff'd, 391 F.2d 932 (5th Cir. 1968); United States ex rel. Carmelo v. Burke, 172 F.2d 213 (3d Cir. 1949). Compare State v. Sisneros, 79 N.M. 600, 446 P.2d 875. The normal method of correcting trial errors, even as to constitutional questions, is by appeal and collateral attack cannot serve as a substitute for the regular judicial process of appeal in the absence of circumstances indicating that a

right to attack collaterally is needed to provide an effective means of preserving constitutional rights. Diaz v. United States, supra. The record satisfies us that the right of collateral attack is not necessary to preserve appellant's constitutional rights where he has voluntarily waived the right to assert them by abandoning his appeal.

■ Under point VII, appellant contends that he was denied the right to counsel at the lineup for identification purposes following his arrest. Unquestionably, the right to counsel at the lineup is essential to due process. Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178; United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. But Gilbert and Wade were not made retroactive, and do not apply here. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. Compare State v. Sisneros, supra; Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247; Biggers v. Tennessee, 390 U.S. 404, 88 S.Ct. 979, 19 L.Ed.2d 1267.

■ Under points II, IV through VI, the appellant frankly states that these points will not be argued nor will he present authorities to support them; nevertheless, we have reviewed the record. The record reveals that at the Rule 93 hearing the trial court made extensive findings of fact relating to the matters upon which these points are based. The findings are not challenged and are the facts upon which our decision must rest. The points present nothing for review. Compare State v. Reyes, 78 N.M. 527, 433 P.2d 506; State v. Crouch, 77 N.M. 657, 427 P.2d 19.

The judgment should be affirmed.

It is so ordered.

NOBLE, C. J., and CARMODY, J., concur.