506 P.2d 1224

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Michael Wayne TOUSSAINT, Defendant-Appellant.**

**No. 1023.**

Court of Appeals of New Mexico.

Feb. 16, 1973.

Donald C. Cox, Easley & Reynolds, Hobbs, for appellant.

David L. Norvell, Atty. Gen., Randolph B. Felker, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

WOOD, Chief Judge.

The issue is defendant's right to a personal copy of a transcript of the proceedings in his criminal case. He alleges he is indigent; this is not controverted. His motion in District Court sought " . . . the official transcript records and proceedings in Criminal Cause Number 4034 of this Court . . . to be used by the Petitioner in preparing a complete, proper and perfect petition for Writ to be filed in Petitioners [sic] behalf for Petitioner's defense against conviction of said Criminal Cause Number 4034." The trial court denied the motion on the basis that it did not set forth adequate grounds for relief. We agree.

Judgment and sentence in Lea County Cause No. 4034 was entered December 4, 1970, and no appeal was taken within the time allowed for appeals. Defendant does not claim that he desires a transcript for purposes of a direct appeal. The only indication as to the reason for requesting a transcript comes from counsel. Defendant's brief in this court asserts the transcript was requested " . . . either for

the preparation of a Motion under NMSA 21–1–1(93) or for the preparation of a Petition for Writ of Habeas Corpus."

This court has held that where a motion for post-conviction relief does not state any grounds for relief, it is not error to deny a request for a transcript. Ewing v. State, 80 N.M. 558, 458 P.2d 810 (Ct.App. 1969) and cases therein cited. This court has also held that a defendant was not entitled to appointment of counsel to assist the defendant in exploring the possibilities of post-conviction relief. State v. Tapia, 80 N.M. 477, 457 P.2d 996 (Ct.App.1969).

Defendant ignores the New Mexico decisions and their rationale. Instead, he presents his claim as a federal constitutional right. He cites various decisions of the United States Supreme Court which upheld the right to a transcript. In so doing, he ignores the rationale of those decisions. Most of the cases on which defendant relies are cited in Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971). *Britt,* supra, states: ". . . there can be no doubt that the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal. . . ."

*Britt,* supra, and the decisions of the United States Supreme Court cited therein, are distinguishable because the showing of need in those cases differs from the claim of need in this case. Compare Mayer v. Chicago, 404 U.S. 189, 92 S.Ct. 410, 30 L. Ed.2d 372 (1971).

The claim of need in this case is for use in preparing a motion for post-conviction relief or a petition for habeas corpus; thus, for use in preparing an unidentified claim for relief on unidentified grounds. A similar claim was made in Wade v. Wilson, 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470 (1970). In *Wade,* supra, the petitioner claimed he could not pinpoint alleged errors in the absence of a transcript and ". . . was entitled to a transcript for use in petitioning for habeas corpus even

though he did not specify what errors he claimed in his conviction. . . ."

*Wade,* supra, did not answer the contention because it did not appear that the petitioner could not obtain a copy of the transcript from other sources. In dissenting from this result, Justice Black stated:

"This Court today says the petitioner thus raises a constitutional question of first impression, 'whether there are circumstances in which the Constitution requires that a State furnish an indigent state prisoner free of cost a trial transcript to aid him to prepare a petition for collateral relief.' . . . It may be conceivable that the Constitution would under certain special circumstances impose this duty on the State when it has such a record in its possession, but I cannot agree that anything shown in this record presents those special circumstances."

Applying the reasoning of Justice Black, no special circumstances are claimed in this case.

The Court of Appeals decision in Wilson v. Wade, 390 F.2d 632 (9th Cir. 1968) held: ". . . Wade was not entitled to demand a transcript merely to enable him to comb the record in the hope of discovering some flaw. . . ." This holding was also applied in Bentley v. United States, 431 F.2d 250 (6th Cir. 1970), cert. denied 401 U.S. 920, 91 S.Ct. 907, 27 L. Ed.2d 823 (1971). Our decisions in Ewing v. State, supra, and State v. Tapia, supra, are consistent with the federal Court of Appeals decisions above cited. The United States Supreme Court has not ruled to the contrary.

We hold that defendant is not entitled, on the showing made, to a copy of the transcript for use in preparation of a motion for post-conviction relief or a petition for habeas corpus.

The order denying the motion is affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.