534 P.2d 1124

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Donnie MOORE, Defendant-Appellant.**

**No. 1875.**

Court of Appeals of New Mexico.

April 16, 1975.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, App. Defender, Donald Klein, Jr., Associate App. Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Defendant was convicted of larceny of property with a value in excess of $2,500.-00 contrary to § 40A–16–1, N.M.S.A.1953 (2d Repl.Vol. 6, 1972). Timely notice of appeal and a skeleton transcript have been filed. It now appears that due to unexplained technical difficulties, the court reporter is unable to prepare a transcript of proceedings in the cause. The defendant has moved this court for an order reversing the judgment and remanding the case for a new trial. The state, after being given ten days, has not responded to the motion. In the unusual circumstances of the instant case, we grant defendant's motion.

It appears from the skeleton transcript and the affidavits filed in support of the motion for a new trial that defendant is indigent, that his court-appointed counsel at the trial below was Harvey Markley and that he is presently represented by the Public Defender. Defendant was tried and convicted during the month of November in 1974. After filing his notice of appeal, defendant requested that the court reporter transcribe his notes of the proceedings in their entirety. When the court reporter

attempted to do so, he was confronted with tapes that were inaudible. The court reporter used a stenomask and dictaphone machine in order to record defendant's trial. No other form of preserving the proceedings was used. An extension of time in which to file the transcript on appeal was obtained from the district court in order to attempt, via sophisticated electronic equipment, to amplify the tapes to the point at which they would become audible. This attempt was unsuccessful. There is no explanation as to why these particular tapes were inaudible. Fault cannot be assessed against anyone.

Conferences were had to see if the parties could agree upon a stipulated record. One problem was that Mr. Markley had participated in a number of criminal trials in the time period intervening between the instant trial and the conferences. As a result of this and his reliance upon the court reporter to preserve a record of the proceedings, Mr. Markley is unable to reconstruct the trial or review proposed synthetic records based on the recollection of the participants.

Defendant moves this court to grant him a new trial on the ground that the absence of a transcript deprives him of his right to appeal under the N.M.Const. Art. VI, § 2 and statutes and rules effectuating this right. The constitutional provision states in part:

". . . that an aggrieved party shall have an absolute right to one appeal. . . ."

We hold that under the facts of this case, absence of a transcript deprives the defendant of his right to appeal under the New Mexico Constitution.

This case is one of first impression in this jurisdiction. However, many other courts have passed on the question. The majority of such courts have granted a new trial in these instances as a matter of right and justice. Annot., 107 A.L.R. 603 (1937) supplementing Annot., 13 A.L.R. 102 (1921) and Annot., 16 A.L.R. 1158 (1922); Richardson v. State, 15 Wyo. 465,

89 P. 1027, 12 Ann.Cas. 1048 (1907); Van Scoyoc v. York, 173 So.2d 483 (Fla.Ct.App.1965); People v. Foreman, 13 A.D.2d 500, 212 N.Y.S.2d 338 (1961); Parrott v. United States, 314 F.2d 46 (10th Cir. 1963).

New Mexico law indicates the same result. N.M.Const. Art. VI, § 2 provides that an aggrieved party shall have an absolute right to one appeal. The Rules Governing Appeals, §§ 21–12–1 through 21–12–32, N.M.S.A.1953 (Interim Supp.1974), provide an orderly method for effectuating this right. Section 16–3–7(C), N.M.S.A. 1953 (Repl.Vol. 4, 1970), mandates that court reporters furnish transcripts upon request for a price. The foregoing rules and statute place the burden on an appellant to put those portions of the record necessary for review before us. Indeed, matters outside the record present no issue for review. State v. Romero, 87 N.M. 279, 532 P.2d 208 (1974).

In determining whether a new trial is to be granted for inability to produce a transcript, the courts have weighed three factors—whether the appellant has complied with all the procedural requirements in order to perfect his appeal, whether the inability to obtain the transcript is without fault on the part of the appellant and whether a substitute or alternative form of record may be had. Richardson v. State, supra; See also Annot., 13 A.L.R. 102, supra. Defendant, herein, has complied with the requirements of our Rules Governing Appeals, supra. He has requested the transcript pursuant to § 16–3–7(C), supra, and §§ 21–12–7 and 21–12–8, supra. Fault for the tapes' inaudibility cannot be assessed against defendant. It is impossible to reconstruct a record of the proceedings because of his trial counsel's inability to recall the events at trial.

The defendant has been convicted of a third degree felony. He has been sentenced. Among the errors alleged to have occurred at trial, counsel for defendant remembers that one related to the voluntariness of a confession. Without a tran-

**414**

script, we would be precluded from reviewing this allegation of error. State v. Romero, supra; Richardson v. State, supra.

Defendant has done everything that can reasonably be expected in order to perfect his appeal. Under the present state of things his contentions are unreviewable. To deny defendant a new trial would be to deny him his right of appeal guaranteed by the New Mexico Constitution.

Reversed and remanded for a new trial. It is so ordered.

WOOD, C. J., and SUTIN, J., concur.