577 P.2d 448

STATE of New Mexico,
Plaintiff-Appellee,

v.

Lester WILDENSTEIN,
Defendant-Appellant.

No. 3308.

Court of Appeals of New Mexico.

March 7, 1978.

Scott McCarty, Marchiondo & Berry, P.A., Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant was found to be an habitual offender on the basis of felony convictions in 1959 and 1977. He asserts the trial court erred in granting the prosecutor's motion to fingerprint defendant on the morning of trial. This claim does not challenge the fingerprinting in itself. *State v. Jamerson*, 85 N.M. 799, 518 P.2d 779 (Ct.App. 1974). Rather, defendant claims the trial

court erred because the motion was untimely. Defendant's claim of prejudice is not supported in the record. We cannot say the trial court abused its discretion in granting the motion on the basis of the prosecutor's explanation. Rule of Crim.Proc. 33(f). The issues for discussion involve defendant's attack on the 1959 conviction and the asserted violations of due process. They are: (1) basis for the collateral attack; (2) defendant's purported lack of memory; and (3) absence of transcript of the 1959 trial.

*Basis for Collateral Attack*

Defendant challenged the validity of his 1959 conviction. Such an attack was permitted, but on a limited basis. *State v. Dalrymple*, 75 N.M. 514, 407 P.2d 356 (1965) points out that the challenge must involve issues which may be utilized in collaterally attacking the validity of the prior conviction. This, of course, is obvious; a challenge to the validity of the prior conviction, in habitual offender proceedings, *is* a collateral attack on its validity. *State v. Dalrymple*, supra, explains that our habitual offender statute contemplates that the prior "convictions were valid and not void because of some constitutional defect. If void, they would be nullities and not convictions." See *State v. Gallegos*, 91 N.M. 107, 570 P.2d 938 (Ct.App.1977).

■ Most of our decisions on the permissible grounds for a collateral attack may be found in New Mexico Digest, Criminal Law, ☞997 and 998. Generally speaking, a collateral attack is not permitted on the basis of facts "known or available to the petitioner at the time of his trial", *Jones v. State*, 81 N.M. 568, 469 P.2d 717 (1970), or on the basis of issues which could have been raised on direct appeal, *State v. Gillihan*, 86 N.M. 439, 524 P.2d 1335 (1974). These limitations apply to constitutional claims. *State v. Gillihan*, supra; *State v. Garcia*, 80 N.M. 21, 450 P.2d 621 (1969). Thus, generally speaking, a collateral attack on a prior conviction is limited to claims which, if true, amount to a "denial of the substance of fair trial", *State v. Garcia*, supra, or fundamental error, *State v. Gillihan*, supra.

■ When a collateral attack is made on permissible grounds, the claim will be insufficient unless a specific factual basis is alleged; vague conclusional charges are insufficient. *State v. Williams*, 78 N.M. 431, 432 P.2d 396 (1967); see *State v. Hines*, 78 N.M. 471, 432 P.2d 827 (1967).

Defendant moved to dismiss the habitual offender charge, alleging the 1959 conviction was invalid in that it was obtained in violation of "defendant's right to a speedy trial, right to equal protection of the law, right to due process of law, right to effective assistance of counsel, and right to a fair trial."

■ These were vague, conclusionary claims with no factual basis. They failed to raise an issue as to the validity of the 1959 conviction. *State v. Williams*, supra; *State v. Lobb*, 78 N.M. 735, 437 P.2d 1004 (1968). The speedy trial claim was insufficient for an additional reason; there was no claim that a speedy trial issue was raised prior to the trial which resulted in the conviction now being attacked. *Patterson v. State*, 81 N.M. 210, 465 P.2d 93 (Ct.App.1970); see *Salazar v. State*, 85 N.M. 372, 512 P.2d 700 (Ct.App.1973); *State v. McCroskey*, 79 N.M. 502, 445 P.2d 105 (Ct.App.1968). The ineffective counsel claim was insufficient because it failed to allege "facts, set out in particularity, of his claim of inadequate criminal representation". *State v. Moser*, 78 N.M. 212, 430 P.2d 106 (1967); *State v. Apodaca*, 78 N.M. 412, 432 P.2d 256 (1967).

*Lack of Memory*

■ Because of lack of memory, defendant asserts he was unable to state a claim sufficient to raise an issue as to the validity of the 1959 conviction. The inference is that the lack of memory somehow deprived defendant of due process. His evidentiary tender to the court was that defendant:

[O]ver the years, between May, 1959, and today, he has often used and abused illegal heroin; he has been addicted to heroin; having stopped taking heroin he became addicted to alcohol; and as a result of his abuse of alcohol and heroin since

May of 1959, his memory is very poor and he is unable to remember more than generally that he was in a Court proceeding and he can't remember details concerning his defense; he can't remember details concerning the conduct of the prosecution; and he finds that the events that occurred in the trial of May of 1959 run together in his mind with other occasions when he has been arrested or he has been in a Court proceeding; he can't separate or distinguish the various proceedings that have been brought against him; so that he is unable to give me accurate information concerning the facts of the first trial.

This tender refers only to actions of defendant which led to the purported lack of memory. The tender does not assert that New Mexico or any official in New Mexico's system of justice has, in any way, deprived defendant of his memory. See *Morales v. Cox*, 75 N.M. 468, 406 P.2d 177 (1965); *State v. Raines*, 78 N.M. 579, 434 P.2d 698 (Ct.App.1967); compare *State v. Jojola*, 89 N.M. 489, 553 P.2d 1296 (Ct.App.1976). The allegation, that defendant suffered a loss of memory as a consequence of his own actions, did not state a claim that the State deprived defendant of due process.

*Absence of a Transcript*

Defendant asserts New Mexico's criminal justice system deprived him of due process in that it prevented defendant from raising a defense to the habitual offender charge. The defense was the asserted invalidity of the 1959 conviction. *State v. Dawson*, 91 N.M. 70, 570 P.2d 608 (Ct.App.1977). Defendant contends New Mexico prevented him from collaterally attacking the 1959 conviction because he was unable to secure a transcript of the 1959 trial. We disagree, for three reasons.

■ First, defendant's claim that a transcript was unavailable is not supported by the record. Defendant's motion asserted that the records of the 1959 trial, available to defendant, were insufficient to utilize in preparing an attack on the validity of the 1959 conviction. The court file of the 1959

charge shows a criminal complaint filed on February 13, 1959 charging the offense was committed on February 8, 1959. Defendant bonded out on February 13, 1959. An amended criminal complaint was filed on February 16, 1959. A preliminary examination was held. A criminal information was filed May 11, 1959. A jury trial was held May 18, 1959. Defendant was represented by counsel. One prospective juror was excused for cause; defendant exercised three peremptory challenges. Two charges were submitted; the jury acquitted defendant of one charge and convicted of one charge. Sentence was entered nine days after the verdict; the penitentiary sentence was not to exceed three years. An order allowing an appeal was entered one day after the sentencing, and an appeal bond was set. There is no deficiency in these records.

Defendant's claim goes to the transcript of the 1959 trial. The evidentiary tender was that the court reporter's notes of the 1959 trial "are incomplete and inaccurate so that Miss Buchanan, who has looked at them, finds that she could not make a verbatim transcript of that trial and that she can only follow the gist of the proceedings." The court reporter at the 1959 trial is deceased; Miss Buchanan is the present court reporter.

The situation in this case differs from that in *State v. Moore*, 87 N.M. 412, 534 P.2d 1124 (Ct.App.1975) where no transcript could be produced. Here the showing is that a partial transcript could be produced which would follow the "gist of the proceedings." Thus, the material parts, the essence, of the trial proceedings were available. See definition of "gist" in Webster's Third New International Dictionary (1966).

A verbatim transcript was not necessary. *State v. Herrera*, 84 N.M. 46, 499 P.2d 364 (Ct.App.1972), cert. denied, 409 U.S. 1110, 93 S.Ct. 918, 34 L.Ed.2d 692 (1973). Absent a showing that the partial transcript which was available would be inadequate to determine whether there was a basis for a collateral attack, there is no factual basis for the claim that a transcript was unavailable. Defendant did not attempt to make such a showing. See *State v. Herrera*, supra.

**554**

Second, even if a transcript of the 1959 trial proceedings was, in fact, unavailable, this did not deprive defendant of due process. Defendant appealed the 1959 conviction. If he had gone forward with the appeal, a transcript would have been prepared at that time by the court reporter who reported the 1959 trial. However, defendant abandoned that appeal. This abandonment was a waiver of any claimed violation of constitutional rights occurring at that trial. *State v. Garcia*, supra. Having foregone his right to a review of the 1959 conviction for constitutional error, he had no right, under due process, for a review of that conviction some eighteen years later. The unavailability of a transcript of the 1959 trial would not violate due process because the transcript was sought in order to review the 1959 trial for constitutional error; however, that trial was no longer subject to review. See *United States v. MacCollom*, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976).

Third, defendant has never properly asserted any basis for collaterally attacking the 1959 conviction. When asked why a transcript of the 1959 trial was desired, counsel stated: "Well, Your Honor, given a verbatim transcript of the trial in the first case that resulted in a conviction, with the transcript available, then an attorney can scrutinize the transcript and demonstrate to the Court any failure of due process." Thus, defendant claims that he has a right to hunt for a basis to collaterally attack the 1959 conviction, and if the State fails to provide him the materials through which he wishes to hunt, due process is violated. Defendant was not entitled to a transcript to enable him to search that transcript in the hope of discovering a basis for collaterally attacking the 1959 conviction. *State v. Toussaint*, 84 N.M. 677, 506 P.2d 1224 (Ct. App.1973); see *United States v. MacCollom*, supra.

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.