**Rickey Don CUTBIRTH, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 84–72.

Supreme Court of Wyoming.

Feb. 13, 1985.

Rickey Don Cutbirth, pro se.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., Margaret M. White, Asst. Atty. Gen., Cheyenne, for appellee.

Before THOMAS,* C.J., and ROSE, ROONEY,** BROWN and CARDINE, JJ.

ROSE, Justice.

### Facts

On November 1, 1982, appellant was sentenced to the state penitentiary for a term of not less than 20 years or more than life for the crime of second-degree murder. This court affirmed that conviction in *Cutbirth v. State*, Wyo., 663 P.2d 888 (1983).

Since incarceration, the appellant has filed various motions for the production of evidence. On July 29, 1983 Mr. Cutbirth filed a document styled "Motion for Production of Evidence for Independent Forensic Examination." This motion sought release of certain trial exhibits to a criminologist. The motion was granted and the evidence released for the purposes indicated.

On November 8, 1983 appellant filed another motion for discovery, asking that the prosecuting attorney make available written statements given by the defendant and various trial witnesses, crime reports and various photographs. Together with this motion, he filed another document on November 8, 1983 entitled "Motion for Discovery" (which is not, in fact, in the form of a motion), in which he simply reiterates that the items requested in the first motion are in the hands of Lincoln County law enforcement officials. Accompanying these two so-called motions, the defendant filed an affidavit of indigency. The trial court denied these last-mentioned discovery motions.

On February 27, 1984 appellant filed what is styled "Motion for Court Order Requiring the Court Reporter to Release Photographs of Exhibits and Transcripts." In this motion, appellant requests photographs of all exhibits received into evidence in the course of the trial as well as a copy of the 108-page transcript of his recorded statement to law-enforcement officials,

---

* Became Chief Justice January 1, 1985.

** Chief Justice at time case submitted on briefs.

which statement was submitted to the jury. The motion includes the following statement of the appellant's reasons for requesting the trial materials:

"The purpose of said Motion for Court Order requiring the Court Reporter to release photographs of exhibits and edited transcribed statement will provide immeasurable assistance in further Judicial Proceedings and will enable defendant herein to properly prepare for a defense to the charge filed thereof."

The trial court denied this motion by order dated and filed February 27, 1984.

Defendant appeals from this February 27, 1984 denial.

### Issue

The issue for our consideration asks whether the trial court erred in denying appellant's motion to require the court reporter to release a copy and photographs of designated portions of the trial record.

Appellant contends that the trial court should be reversed for the reason that Rule 18, W.R.Cr.P.[1] and concepts of due process and equal protection require the release of the requested material.

The appellant is in error in this contention for three reasons:

(1) Under section (g) of Rule 18, a post-conviction motion for discovery may be made only upon a showing of cause why the motion would be in the interest of justice. Appellant has made no such showing.

(2) The right to trial transcripts and exhibits does not obtain unless the defendant can make a preliminary showing to the effect that the requested material will support an articulable claim. This was not done.

(3) Wyoming law holds that before a trial transcript will be made available to a prisoner there must be a post-conviction petition pending and the district court must have determined that the petition has merit. We find this ruling equally applicable to a prisoner's request for trial exhibits. Appellant has not complied with this requirement.

### The Rule 18, W.R.Cr.P. Grounds

Rule 18, W.R.Cr.P. authorizes discovery by the defendant and the state in criminal cases. Section (g) of this rule provides:

"The motion under this rule may be made only within ten (10) days after arraignment or at such reasonable later time as the court may permit. The motion shall include all relief sought under this rule. A subsequent motion may be made only upon a showing of cause why such motion would be in the interest of justice."

This section indicates that Rule 18 is intended primarily for use in the preparation of a defense in and for the case in chief. We articulated this purpose in *De-Luna v. State*, Wyo., 501 P.2d 1021, 1024 (1972), when we held that a motion for a testifying witness' statement under Rule 18(c), W.R.Cr.P. is proper only for use in cross-examination and, therefore, not available after trial. Although the materials discoverable under Rule 18(a) and (b), supra n. 1, might properly be used in post-conviction proceedings, Rule 18(g) requires a showing of cause why the release of such

---

**1.** Appellant apparently relies on sections (a) and (b) of Rule 18, W.R.Cr.P., which provide in part:

"(a) *Defendant's statement; report of examinations and tests; defendant's grand jury testimony.*—Upon motion of a defendant, the court may order the attorney for the state to permit the defendant to inspect and copy or photograph any relevant (1) written or recorded statements or confessions made by the defendant or copies thereof, within the possession, custody or control of the state, the existence of which is known, or by the exercise of due diligence may become known, to the prosecuting attorney * * *."

"(b) *Other books, papers, documents, tangible objects or places.*—Upon motion of a defendant the court may order the prosecuting attorney to permit the defendant to inspect and copy or photograph books, papers, documents, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the state, upon a showing of the materiality to the preparation of his defense, and that the request is reasonable."

materials would be in the interest of justice.

Appellant in the instant case has failed to state with any degree of particularity why or how the requested information would assist him in collaterally attacking his conviction. He says only that he needs the materials for "further Judicial Proceedings" and to aid in the proper preparation of a defense. These general, conclusory statements do not satisfy the requirement of Rule 18(g), and the trial judge properly denied appellant's motion.

### An Articulable Claim

Appellant contends that under the Due Process and Equal Protection clauses of the United States Constitution, he has an absolute right to the requested materials to aid in preparing his petition for collateral relief. However, before the courts are obligated to produce trial materials for use in a post-conviction proceeding, the petitioner must articulate a claim which necessitates an examination of the trial record.

This case is not unlike *State v. Wildenstein*, 91 N.M. 550, 577 P.2d 448 (1978), in which the defendant was charged with being an habitual criminal based upon 1959 and 1977 convictions. He demanded a transcript of the court proceedings which had resulted in his conviction so that he could mount a collateral attack on the prior 1959 proceeding in order to escape the habitual-criminal penalty.

In this appeal, Mr. Cutbirth asks that the transcript and exhibits be made available so that he will be

" * * * able to examine, refer to, and to study the exhibits offered and received during the course of the trial to ascertain the exact claim that can or should be made * * *."

In other words, appellant has no reason for requesting the material except to attempt to discover some error which might be lurking there. This is an insufficient reason to grant the motion. The New Mexico court said, in *State v. Wildenstein*, supra:

" * * * Thus, defendant claims that he has a right to hunt for a basis to collaterally attack the 1959 conviction, and if the State fails to provide him the materials through which he wishes to hunt, due process is violated. Defendant was not entitled to a transcript to enable him to search that transcript in the hope of discovering a basis for collaterally attacking the 1959 conviction. *State v. Toussaint*, 84 N.M. 677, 506 P.2d 1224 (Ct.App. 1973); see *United States v. MacCollom*, [infra]." 577 P.2d at 452.

In *United States v. MacCollom*, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976), Justice Blackmun, concurring with the majority's decision that the furnishing of a trial transcript was not necessary to insure due process when requested for collateral-attack purposes, observed:

"For me, the issue in this case is whether the Constitution requires that a transcript be provided when an indigent makes no showing, with any degree of particularity, that he requires the transcript in order to make an effective collateral attack on his conviction." 426 U.S. at 329, 96 S.Ct. at 2093.

The Justice went on to say:

" * * * In order for him to obtain a transcript of his trial, he was required to show only that his claim was not frivolous and that there was a basis, grounded on *some* articulable facts, for believing that a transcript would assist him in his § 2255 proceeding. Clearly, there is no constitutional requirement that the United States provide an indigent with a transcript when that transcript is not necessary in order for him to prove his claim, or when his claim is frivolous on its face. Nor does the Constitution require that an indigent be furnished every possible legal tool, no matter how speculative its value, and no matter how devoid of assistance it may be * * *." 426 U.S. at 329–330, 96 S.Ct. at 2093.

In interpreting the holding of *MacCollom*, the Eighth Circuit Court of Appeals said, in *United States v. Losing*, 601 F.2d 351, 353 (8th Cir.1979):

" * * * Nevertheless, it is clear that a majority of the Court concluded that a

prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction, and that constitutional requirements are met by providing such materials only after judicial certification that they are required to decide the issues presented by a non-frivolous pending case."

We find these rulings concerning a prisoner's right to a trial transcript applicable to his right to other portions of the record as well. There is no constitutional requirement that a prisoner has an absolute right to have made available trial exhibits and personal statements to aid in the preparation of a collateral attack upon his conviction unless he is able, with some realistic degree of particularity, to point up articulable facts which support his claim that the material is essential to the preparation of his post-conviction-relief effort.

### Petition for Post-Conviction Relief Must be Pending

Before the state is obligated to furnish a prisoner with a trial transcript after the appeal time has run upon the prisoner's conviction, a petition for constitutional post-conviction relief must be on file and the district court must determine that the petition has merit. *Escobedo v. State*, Wyo., 601 P.2d 1028 (1979). We see no reason to establish different requirements for a prisoner's request for other portions of the record. Neither of these conditions has been met in this case.

Affirmed.