This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                  **NO. 30,742**

**MARVIN L. DEAN,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Chief Public Defender
Allison H. Jaramillo
Santa Fe, NM

for Appellant

<strong>MEMORANDUM OPINION</strong>

**KENNEDY, Judge.**

    Defendant appeals his conviction for aggravated assault (deadly weapon) and the enhancement of his sentence by eight years for being a habitual offender. [RP

307] Our notice proposed to affirm, and Defendant filed a timely memorandum in opposition. We remain unpersuaded by Defendant's arguments, and affirm.

**Issue (1).** Defendant continues to argue that the submitted jury instruction for aggravated assault with a deadly weapon was "inherently so confusing and misleading" so as to deprive him of due process. [RP 190; DS 8, 4-5; MIO 5-9] Defendant argues specifically that the jury instruction was misleading because it failed to distinguish between two possible uses of a cattle prod—for use as administering an electrical shock and for use as a "club." [DS 4; MIO 7]

Defendant's conviction for aggravated assault is not premised on use of the cattle prod to shock Victim, but instead is specifically premised on Defendant's use of a cattle prod as a "club" in a manner that could cause death or great bodily harm. In this regard, the jury instruction specifically requires the jury to find that Defendant "tried to touch or apply force to [Victim] by swinging at [Victim] with a cattle prod." [RP 190] Defendant asserts that the jury instruction is comparable to the instruction at issue in *State v. Bonham*, 1998-NMCA-178, 126 N.M. 382, 970 P.2d 154, *abrogated by State v. Traeger*, 2001-NMSC-022, ¶¶ 1, 20, 130 N.M. 618, 29 P.3d 518, wherein the phrasing of the jury instruction erroneously did not require the jury to determine whether the "hot plate" could be used as a deadly weapon. [MIO 8] We disagree, because in the present case the jury instruction specifically provided that a

2

"cattle prod is a deadly weapon *only if you find that a cattle prod, when used as a weapon, could cause death or great bodily harm*[.]" [emphasis added] [RP 190] We thus disagree with Defendant's argument that the jury instruction did not provide the jury with an opportunity to decide whether the cattle prod was used as a weapon. [MIO 5] Because the jury instruction is neither confusing nor misleading, we affirm.

**Issue (2).** Defendant continues to argue there was insufficient evidence to support his conviction for aggravated assault with a deadly weapon. [DS 8; MIO 9-11] We note initially that the State did not proceed under a theory of aggravated assault that was dependent on whether the Victim was in fear of receiving an immediate battery. [MIO 9, 11] *Compare* UJI 14-304 NMRA *with* UJI 14-305 NMRA. Instead, as noted above, Defendant's conviction requires findings that he tried to touch or apply force to Victim by swinging at Victim with a cattle prod; that Defendant acted in a rude, insolent or angry manner; that Defendant used a cattle prod as a deadly weapon such that it could have caused death or great bodily harm; and that Defendant intended to touch or apply force to Victim. [RP 190] *See* NMSA 1978, § 30-3-2(A) (1963).

Defendant argues specifically that the evidence was insufficient to show that he swung the cattle prod at Victim. [MIO 11] We disagree. As set forth in our notice, Victim [RP 219] testified he saw Defendant holding a cattle prod and coming

3

after him with the cattle prod. [MIO 3; RP 221] Another witness [RP 226] testified that Defendant "came out kicking and swinging" and "had something [in] his hand like a bat." [MIO 3; RP 227] We hold that the jury could have reasonably relied on the foregoing evidence to determine that Defendant swung an object at Victim. *See State v. Sparks*, 102 N.M. 317, 320, 694 P.2d 1382, 1385 (Ct. App. 1985) (defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction). While evidence was also introduced that Defendant also used the cattle prod to shock Victim [DS 2; MIO 1, 11], the evidence upon which Defendant's conviction is based is Defendant's use of the cattle prod as a club.

**Issue (3).** Defendant continues to argue that one of his 2005 prior convictions used to sentence him as a habitual offender should be voided because its underlying facts are similar to those in another case, *State v. Rowell*, 2008-NMSC-041, 144 N.M. 371, 188 P.3d 95, which Defendant argues should be retroactively applied. [DS 8; MIO 4, 12] Defendant refers to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), in support of his argument. [MIO 12] As set forth in our notice, this argument was not preserved below and lacks merit. *See generally State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (holding that, in order to preserve an

4

issue for appeal, the defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon); *State v. Wildenstein*, 91 N.M. 550, 552, 577 P.2d 448, 450 (Ct. App. 1978) (providing that a challenge to the validity of the prior conviction in habitual offender proceedings is a collateral attack on its validity and is not permitted on the basis of issues which could have been raised on direct appeal).

**CONCLUSION**

For reasons set forth herein and in our notice, we affirm.

**IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**CELIA FOY CASTILLO, Chief Judge**


_____
**MICHAEL D. BUSTAMANTE, Judge**