This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                              **NO. 34,266**

**MAURICIO SOLIS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DONA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant appeals his conviction for criminal sexual contact of a minor. We

issued a notice of proposed disposition proposing to affirm, and Defendant has responded with a memorandum in opposition. We have carefully considered the arguments raised in that memorandum; however, for the reasons stated in the notice of proposed disposition and below, we continue to believe summary affirmance is appropriate in this case. We therefore affirm Defendant's conviction.

{2}     The sole issue raised in this appeal concerns problems that occurred during the interpretation of one Spanish-speaking witness, Defendant's wife. No objection was raised at trial to the interpretation that was provided, but the district court brought up certain issues *sua sponte* and then took corrective action to remedy the interpretation problems the court had perceived. In our notice we pointed out that we reviewed a transcript filed below by Defendant, contained in the record proper, and we proposed to find that no fundamental error occurred in Defendant's trial. We discussed the corrective actions taken by the district court during the trial, which included instructing the witness to speak more slowly and to wait until an interpreter had finished before supplementing her answers to questions; alerting trial counsel to the interpretation problems the district court had noticed; cautioning the two interpreters about avoiding possible confusion in their interpretations; and allowing jurors to submit questions following the testimony of this particular witness, to address any confusion that might have been caused by the interpretation. We proposed to find that

these corrective actions had adequately cured any prejudice that might otherwise have resulted from the interpretation difficulties the district court had noticed.

**{3}** In response, Defendant argues that "[t]he inaccurate interpretation services potentially confused the jury regarding a critical witness' testimony." [MIO 4] He contends this potential confusion deprived him of his right to a fair trial. Furthermore, he maintains that the district court's corrective action of allowing the jury to submit questions to the jury was inadequate because the jury may not have been aware of how much of the testimony was interpreted incorrectly. [Id.] However, we note that the jury questions were just one of several actions taken by the district court to remedy the interpretation issue. In the aggregate, taking steps to control the manner in which the witness was testifying, instructing the interpreters and counsel to be aware of the potential problem, and allowing questions from the jurors appear to be adequate responses to the difficulties this witness was causing for the interpreters.

**{4}** Issues such as controlling witness testimony and dealing with difficulties in interpretation are the types of things that are firmly entrusted to the discretion of the trial court. *See, e.g., State v. Astorga*, 2015-NMSC-007, ¶ 55, 343 P.3d 1245 (noting the district court's "broad discretion to control the examination of witnesses and overall fairness of the presentation of evidence"); *cf. State ex rel. Children, Youth & Families Dep't v. William M.*, 2007-NMCA-055, ¶ 41, 141 N.M. 765, 161 P.3d 262

(pointing out that appointing interpreters and dealing with language barriers are matters left to the trial court's discretion). This is even more true here, where the district court was the only participant in the trial who was aware of the potential interpretation problems, and took steps that the court deemed sufficient to address those issues. We hold that on the record before us, Defendant has not established the existence of fundamental error.

{5}     Defendant also argues that he is entitled to a new trial because the transcript of the trial is inadequate to allow him to fully analyze the interpretation issue on appeal. [MIO 5] Defendant alleges this is so because the transcript, while reflecting the district court's concerns with the interpretation and providing a recitation of the interpreters' versions of the testimony provided by the witness, does not reflect the original Spanish testimony given by the witness. Without that Spanish version, Defendant contends, he will be unable to discover the inconsistencies between the testimony of the witness and the interpreters' versions of that testimony, and to determine whether the district court's curative actions were legally sufficient. Defendant notes that no audio recording of the trial proceedings is available to allow the necessary comparison.

{6}     In support of his argument Defendant cites *State v. Moore*, 1975-NMCA-042, 87 N.M. 412, 534 P.2d 1124. In *Moore*, however, the entire recording of Defendant's

4

trial was inaudible and no satisfactory means of recreating the proceedings was available–defense counsel's memory of the trial was insufficient to allow him to stipulate to a recreated recitation of the evidence presented at trial. *Id.* ¶ 3. In this case, on the other hand, the difficulty is not with the entire trial but only with certain portions of the testimony of one witness. Furthermore, a means of recreating the potentially problematic portions of the proceedings is available – if necessary, the testimony of the trial judge and the interpreters can be obtained to provide information about the portions of the testimony that might not have been clearly interpreted. *See, e.g., State v. Baca*, 2015-NMSC-021, ¶ 27, 352 P.3d 1151 (discussing the fact that when a record of the proceedings below is lacking, as when the case originates in magistrate court and the trial is not recorded, a reconstruction hearing may be held at which the judge who presided over the original proceedings may be required to testify). We therefore decline to adopt Defendant's implied suggestion that a new trial is necessary any time that portions of the trial-court proceedings are inadequately preserved in the transcript or the audio recording.

{7}    Based on the foregoing, as well as the discussion set out in the notice of proposed disposition, we affirm Defendant's conviction.

{8}    **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

5

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**M. MONICA ZAMORA Judge**