This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39387**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**GABRIEL LUCERO,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Brittany Maldonado Malott, Metropolitan Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Defendant Gabriel Lucero appeals the district court judgment finding him guilty of driving while under the influence of intoxicating liquor or drugs, first offense, arguing that his constitutional rights were violated when the district court held a bench trial in his case via audio-visual connection, pursuant to Supreme Court Order No. 20-8500-025 (July 6, 2020) (the Supreme Court Order).[1] Defendant specifically contends that the

---

1The Supreme Court Order set forth procedures related to the function of judicial proceedings in light of the COVID-19 pandemic. *See* Supreme Court Order No. 20-8500-025 (July 6, 2020),

Supreme Court Order is (1) unconstitutional, and (2) in conflict with both state and federal precedent. Further, Defendant asserts that the lack of a visual record from the bench trial requires either reconstruction of the record or a new trial.

**{2}** We begin by addressing Defendant's arguments that the Supreme Court Order is unconstitutional and in conflict with existing precedent. Defendant argues that the Supreme Court Order deprived him of his right to be physically present and the right of confrontation. We remind Defendant that we are precluded from reviewing arguments challenging the constitutionality or validity of New Mexico Supreme Court orders, and such arguments should be made directly to the Supreme Court. *See Alexander v. Delgado*, 1973-NMSC-030, ¶ 9, 84 N.M. 717, 507 P.2d 778 ("The general rule is that a court lower in rank than the court which made the decision invoked as a precedent cannot deviate therefrom and decide contrary to that precedent, irrespective of whether it considers the rule laid down therein as correct or incorrect." (internal quotation marks and citation omitted)); *see also* N.M. Const. art. VI, § 3 (providing that our Supreme Court is granted "superintending control over all inferior courts"). We therefore do not address the constitutionality of the Supreme Court Order.

**{3}** To the extent Defendant asserts that the district court erred in its interpretation of the Supreme Court Order, we conclude—after thorough and careful review of the briefing, the authorities cited therein, and the record of the case before us—that Defendant has not demonstrated error on the part of the district court that requires reversal. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the [district] court's actions. Appellant must affirmatively demonstrate its assertion of error."). Under the Supreme Court Order,

> [a]ll hearings, except for jury trials, shall use telephonic or audio-video connection for court appearances by all attorneys, litigants, and witnesses, unless the judge presiding over the bench trial or other hearing makes oral or written findings of fact and conclusions of law *supporting a compelling need* for an in-person appearance that are specific to the particular circumstances in an individual case.

Supreme Court Order No. 20-8500-025 at 11 (emphasis added). Defendant asserts that the district court should have made specific findings that could provide a particularized showing of necessity and an adequate showing that audio-visual appearance furthered important public policy, in accordance with *State v. Smith*, 2013-NMCA-081, ¶¶ 5, 8, 12, 308 P.3d 135, and federal precedent. But this is not the sort of finding required by the Supreme Court Order in order to justify holding a proceeding in-person. Rather, the

---

https://www.nmcourts.gov/wp-content/uploads/2020/12/Order-No_-20-8500-025-Order-Adopting-PHE-Protocols-for-Safe-and-Effective-Operation-of-NM-Courts-7-6-20-with-PHE-Protocols-Attached-1.pdf. At issue on appeal is the following provision: "All hearings, except for jury trials, shall use telephonic or audio-video connection for court appearances by all attorneys, litigants, and witnesses, unless the judge presiding over the bench trial or other hearing makes oral or written findings of fact and conclusions of law supporting a compelling need for an in-person appearance that are specific to the particular circumstances in an individual case." Supreme Court Order No. 20-8500-025 at 11.

Supreme Court Order requires findings in a circumstance where there is a compelling need to proceed in-person. Defendant's arguments imply that the district court erred in complying with the Supreme Court Order, but provides no argument or authority to support the notion that the district court failed to adhere to what was required of it. Rather, it seems Defendant would require findings outside the ambit of the Supreme Court Order—that is, findings justifying a need for remote proceedings. Further, Defendant makes no argument that, under the Supreme Court Order, the district court should have made "oral or written findings of fact and conclusions of law supporting a compelling need for an in-person appearance that are specific to the particular circumstances in [Defendant's] case." Supreme Court Order No. 20-8500-025 at 11. For these reasons, we are unpersuaded by Defendant's assertions of error in this regard and hold that the district court did not err in interpreting or complying with the Supreme Court Order.

**{4}** Lastly, we note that Defendant's argument regarding the lack of visual record of the bench trial is premised upon mere hypotheticals and assertions by counsel, including statements by trial counsel not contained in the record. "It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." *Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 (internal quotation marks and citation omitted). Further, Defendant cites *State v. Moore*, 1975-NMCA-042, ¶ 4, 87 N.M. 412, 534 P.2d 1124, for the proposition that a lack of visual record deprives a defendant of the right to a meaningful trial. But *Moore* does not stand for such a proposition. Rather, *Moore* clarifies that where an audio record of a proceeding is so inaudible that it cannot be used to construct a transcript, and therefore neither a functional audio nor transcript record exists, a new trial is warranted. *Id.* It is undisputed that an audio record of the bench trial exists in this case, and Defendant fails to effectively argue that the audio record is, itself, inadequate or nonfunctional for the purpose of serving as a record of the bench trial. Defendant cites no other authority in support of his argument that both video and audio records must exist in order for the record in a case tried pursuant to the Supreme Court Order to be considered sufficient, and we, therefore, assume no such authority exists. *Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482.

**{5}** Similarly, while Defendant asserts that the integrity of the trial process was compromised and his right to confrontation was violated by technical issues that occurred during the bench trial, Defendant fails to either (1) prove that the delays and interruptions in question constitute error, or (2) present authority supporting his proposition that the occurrence of technical issues or delays compromises a proceeding of which there is a clear audio record. We therefore consider Defendant's argument in this regard to be undeveloped. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *Curry*, 2014-NMCA-031, ¶ 28 (same). We hold that neither the lack of a visual record of Defendant's bench trial, nor the technical issues that occurred during the course of the proceedings, constitute error.

**CONCLUSION**

**{6}** For the above reasons, we affirm.

**{7}  IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**GERALD E. BACA, Judge**