This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39846

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.

**JERRY T. LOPEZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Britt Baca-Miller, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## DECISION

**HANISEE, Judge.**

**{1}** Defendant Jerry Lopez appeals his conviction for robbery, pursuant to NMSA 1978, Section 30-16-2(A) (1963), based upon his use of a gun to threaten employees of an Albuquerque area dollar store and his removal of money from the cash register of the store. The eyewitness employees, both of whom were working the cash register at the time, testified at trial and identified Defendant as the perpetrator. On appeal, Defendant claims that the district court committed errors during his trial that were

reversible individually or, absent that, cumulatively. He also contends that the trial record is incomplete to a degree that fails to facilitate sufficient appellate review, warranting reversal of his conviction. Because none of the asserted mistakes, collectively or in isolation, amount to reversible error, and because the trial record is sufficient to evaluate the merits of Defendant's appeal, we affirm. We briefly explain our reasoning.

**DISCUSSION**

**{2}**     Assuming without concluding—as the parties do not fully agree on the applicable standards of review—that the purported trial errors raised by Defendant were preserved for appellate review, our standard of review is for an abuse of discretion. *See State v. Flanagan*, 1990-NMCA-113, ¶¶ 9, 17, 111 N.M. 93, 801 P.2d 675 (providing that objections relating to comments on veracity are reviewed for an abuse of discretion); *State v. Sosa*, 2009-NMSC-056, ¶ 26, 147 N.M. 351, 223 P.3d 348 (providing in closing argument context, "[w]here error is preserved at trial, an appellate court will review under an abuse of discretion standard").

**{3}**     Defendant first argues that the district court erred in allowing testimony from the lead detective in the investigation regarding her opinion of Defendant's credibility during a post-arrest interview. Specifically, on three occasions, only the last of which was objected to by Defendant, the detective asserted her belief that Defendant was not being truthful during his post-arrest interview. Assuming without deciding that the testimony was improper, we conclude the comments are harmless. *See State v. Tollardo*, 2012-NMSC-008, ¶ 36, 275 P.3d 110 (holding that nonconstitutional error is harmless "when there is no reasonable probability the error affected the verdict"); *see also State v. Duran*, 2006-NMSC-035, ¶ 27, 140 N.M. 94, 140 P.3d 515 ("While we do not in any way approve of the prosecutor's use of 'were they lying' questions, we find that, overall, [the d]efendant received a fair trial."); *Flanagan*, 1990-NMCA-113, ¶¶ 17-18 (clarifying that a prosecutor's questions regarding the veracity of other witnesses were improper but any error was harmless because the defendant was not prejudiced by the testimony). Here, evidence of Defendant's guilt, as provided by two eyewitnesses to the robbery itself—one of whom having interacted at length with Defendant several days before the robbery—was overwhelming. We recognize that evidence of guilt apart from an alleged error can "never be the singular focus of the harmless error analysis" and that appellate courts are to consider all of the circumstances surrounding the error, including examination of the error itself and its importance to the prosecution's case. *See Tollardo*, 2012-NMSC-008, ¶ 43. But here, the detective's testimony regarding Defendant's veracity in a post-arrest interview was minimally pertinent to the State's case. Defendant was accused of robbing a dollar store in broad daylight when multiple witnesses were present, and his truthfulness during subsequent questioning while in custody bore little relation to the evidence properly admitted against him. Indeed, Defendant did not testify at trial, further limiting the importance of his credibility given the evidence in this case. Considering the error in light of all the circumstances surrounding it, Defendant's argument fails to establish a "reasonable probability the error affected the verdict." *Id.* ¶ 36 (internal quotations marks and citation omitted); *see also State v.*

*Astorga*, 2015-NMSC-007, ¶ 43, 343 P.3d 1245 ("[The d]efendant bears the initial burden of demonstrating that he was prejudiced by the error."). We, therefore, conclude that any error arising from admission of the detective's testimony was minor and, ultimately, harmless.

**{4}** Defendant secondly argues that the prosecutor committed acts of misconduct based upon certain comments made during closing argument. These include the prosecutor's own suggestion that Defendant lied during his post-arrest interview, which Defendant maintains refreshed that aspect of the detective's testimony in the minds of the jurors; the prosecutor asking jurors to "do the right thing"; and the prosecutor inappropriately shifting the burden of proof onto Defendant by commenting on the lack of evidence substantiating Defendant's theory of defense. We are unpersuaded. First, the prosecutor did not argue that Defendant was untruthful by reminding the jury of the detective's specific opinion. Rather, he did so by pointing out that one of Defendant's statements to officers was in no way supported by other testimony or evidence. *See State v. Herrera*, 1972-NMCA-068, ¶ 8, 84 N.M. 46, 499 P.2d 364 ("Statements having their basis in the evidence, together with reasonable inferences to be drawn therefrom, are permissible and do not warrant reversal." (internal quotation marks and citation omitted)). Second, the prosecutor's comment soliciting jurors to "do the right thing" can be reasonably interpreted in the context in which it was spoken to mean that convicting Defendant is the right thing to do by the law and the evidence presented. In any event, the district court sustained defense counsel's objection regarding this statement and reissued a jury instruction admonishing the jury not to consider the consequences of its verdict. We do not consider the manner in which the district court handled this comment during closing argument, the ensuing objection, or the reissuance of an applicable instruction to be deficient, as Defendant contends. *See State v. Allen*, 2000-NMSC-002, ¶ 100, 128 N.M. 482, 994 P.2d 728 (holding that "there has been no showing that the trial court's prompt sustaining of objections and admonishments to the jury failed to cure the effect of the prosecutor's overreaching" (alteration, internal quotation marks, and citation omitted)). Third, it is not improper for a prosecutor to comment on a defendant's failure to produce witnesses so long as such a comment does not implicate the defendant's choice to remain silent. *See State v. Estrada*, 2001-NMCA-034, ¶ 34, 130 N.M. 358, 24 P.3d 793 ("Because comments on the defendant's failure to produce witnesses are allowed, we find no prosecutorial misconduct."); *see also State v. Aguayo*, 1992-NMCA-044, ¶ 37, 114 N.M. 124, 835 P.2d 840 ("It is permissible to comment on a defendant's failure to produce witnesses if the comment is not one on the defendant's failure to testify."). Again, the district court sustained Defendant's objection to the relevant line of argument. *See Allen*, 2000-NMSC-002, ¶ 100. In sum, we conclude that Defendant was not so prejudiced by the statements made by the prosecutor during closing argument—if he was at all—that he was deprived of a fair trial. *See Sosa*, 2009-NMSC-056, ¶ 34.

**{5}** Defendant thirdly argues that the errors he asserts cumulatively deprived him of a fair trial such that reversal is warranted. We disagree and conclude that, even assuming all improprieties alleged by Defendant were, in fact, error, such errors were not so prejudicial as to deprive Defendant of a fair trial. *See State v. Gwynne*, 2018-

NMCA-033, ¶ 41, 417 P.3d 1157 ("The doctrine of cumulative error requires reversal of a defendant's conviction when the cumulative impact of errors which occurred at trial was so prejudicial that the defendant was deprived of a fair trial." (internal quotation marks and citation omitted)); *see also State v. Trujillo*, 2002-NMSC-005, ¶ 63, 131 N.M. 709, 42 P.3d 814 (holding that the doctrine of cumulative error may not be successfully invoked if the record as a whole demonstrates that the defendant received a fair trial).

{6}     Defendant fourthly addresses, as instructed by this Court in its amended general calendar notice, the absence of a complete trial record on appeal. Defendant argues that under this Court's holding in *State v. Moore*, 1975-NMCA-042, 87 N.M. 412, 534 P.2d 1124 (addressing circumstances in which a new trial may be warranted based upon an inaudible trial record), the partially incomplete audio record of trial requires reversal of his conviction and a new trial. Having now reviewed the trial record carefully, we conclude that the missing audio—limited to bench conferences during trial and some minimal gaps in the testimony of one witness—neither prevents meaningful appellate review nor warrants a new trial under the circumstances of this case.

**CONCLUSION**

{7}     For the above reasons, we affirm.

{8}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**MEGAN P. DUFFY, Judge**