499 P.2d 364

STATE of New Mexico, Plaintiff-Appellee,

v.

Johnny HERRERA, Defendant-Appellant.

No. 853.

Court of Appeals of New Mexico.

May 19, 1972.

Rehearing Denied June 15, 1972.

Certiorari Denied July 10, 1972.

Joseph Warner, III, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Frank N. Chavez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of burglary, defendant appeals. The applicable statute is § 40A–16–3, N.M.S.A.1953 (Repl.Vol. 6) as it existed prior to its amendment by Laws 1971, ch. 58. However, the statutory language is not material to the appeal. The issues concern: (1) denial of defense counsel's request for a record of closing arguments of counsel; (2) alleged prosecutor misconduct by misstating testimony in closing argument; and (3) leading questions and hearsay evidence.

*Record of closing argument.*

Defendant's counsel asked that a record be made of closing arguments ". . . so possible error could be preserved for appeal." The trial court refused the request, stating: " * * * this is a simple criminal case, and if the prosecutor steps out of line the Court will admonish him. * * * " Defendant claims this refusal was error because " * * * it effectively denied Appellant of his absolute right to a meaningful appeal."

N.M.Const. Art. VI, § 2 states that " * * * an aggrieved party shall have an absolute right to one appeal." Appeals are limited to the record presented for review. Section 21–2–1(17) (1), N.M.S.A. 1953 (Repl.Vol. 4). For the review on appeal to be meaningful there must be a record of sufficient completeness to permit

proper consideration of an appellant's claims. Mayer v. Chicago, 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971). This does not require a complete verbatim transcript, alternative methods may be employed. Any alternative method must, however, afford an adequate and effective appellate review. Mayer v. Chicago, supra.

■ Subsequent to trial, defendant moved for diminution of the record and correction thereof by the trial court. This motion set forth five items for inclusion in the record. After hearing, the trial court agreed that four of the five items should be included. The item excluded can be decided by review of trial testimony. In this case the record is sufficiently complete for an adequate and effective review. Because the record provides a basis for review of defendant's claims, the trial court did not commit reversible error in denying defendant's request for a record of the closing arguments.

*Alleged prosecutor misconduct.*

The record, as enlarged and corrected by the trial court pursuant to defendant's motion, shows:

(a) During closing arguments the assistant district attorney told the jury that " * * * Officer Jasler had testified * * * [that he] had seen Defendant Herrera run out of the house of Jack Archer."

(b) At the time of the prosecutor's statement, defendant objected " * * * on the grounds that that was not what Jasler testified to but rather that Jasler had testified that on the day and at the time of the alleged offense in question Jasler had seen Defendant Herrera run from Jack Archer's yard."

(c) The trial court overruled the objection and stated that was for the jury to decide.

(d) The jury deliberated two hours and forty minutes before returning its verdict of guilty.

The item in defendant's motion which the trial court refused to include as part of the record is: "One of the major arguments of defense counsel * * * during his closing argument * * * was that the evidence showed that Defendant Herrera may have run through the yard of Jack Archer * * * but that Defendant Herrera had not run out of the house of Jack Archer." As to this item, for purposes of review, we assume that this was one of defendant's main arguments to the jury.

■ The claim of misconduct by the prosecutor is based on the asserted misstatement as to Officer Jasler's testimony. The comment by the prosecutor was that the officer had seen defendant "run out of" the house. Officer Jasler testified: "I heard the door slam on the house on the easterly side and saw two male subjects run from the house. * * * " The asserted prejudicial misstatement, then, is based on the difference between "run out of" and "run from" the house of the victim of the crime.

■ Counsel are " * * * entitled to a reasonable measure of latitude in closing remarks to a jury. * * * " State v. Pace, 80 N.M. 364, 456 P.2d 197 (1969). "Statements having their basis in the evidence, together with reasonable inferences to be drawn therefrom, are permissible and do not warrant reversal. * * * " State v. Santillanes, 81 N.M. 185, 464 P.2d 915 (Ct.App.1970). The prosecutor's remark in this case was a permissible comment. State v. Madrid (Ct.App.), 83 N.M. 603, 495 P.2d 383, decided March 3, 1972.

■ Even though permissible, defendant argues he was prejudiced by the prosecutor's statement. He claims prejudice is shown by the fact that the jury deliberated two hours and forty minutes before returning its verdict. This time factor, in itself, does not demonstrate prejudice. State v. Mosier, 83 N.M. 213, 490 P.2d 471 (Ct. App.1971); see State v. Burk, 82 N.M. 466, 483 P.2d 940 (Ct.App.1971), cert. de-

nied, 404 U.S. 955, 92 S.Ct. 309, 30 L.Ed.2d 271 (1971).

Defendant also claims he was prejudiced because the trial court remarked that it was for the jury to decide. He contends this remark of the trial court left it for the jury to decide the credibility of the prosecutor. This is not correct. The trial court's remark was in response to the defense objection that the prosecutor had misstated Officer Jasler's testimony. The issue was the testimony of the officer. The jury had been instructed " * * * to depend for the evidence upon your memories and not upon the statements of counsel. The arguments of counsel are not evidence. . . ." See N.M. U.J.I. 17.7.

We hold defendant was not prejudiced by the prosecutor's permissible comment on the evidence. See State v. Martinez, 83 N.M. 9, 487 P.2d 919 (Ct.App.1971). Nor was the defendant prejudiced by the trial judge's comment in overruling defendant's objection to the prosecutor's comment. See State v. Foster, 83 N.M. 128, 489 P.2d 408 (Ct.App.1971).

*Alleged leading questions and hearsay evidence.*

Leading questions.

On direct examination, Archer, whose house was burglarized, was asked: "Did you lock your doors?" He was also asked: "Was this window in the same shape as you left it that morning?" Defendant objected on the basis that each question was leading. Each time the trial court overruled the objection.

The allowance of leading questions is discretionary with the trial court. Territory v. Meredith, 14 N.M. 288, 91 P. 731 (1907); see Hot Springs Plumbing & Heating Co. v. Wallace, 38 N.M. 3, 27 P.2d 984 (1933). Defendant recognizes the trial court's discretion, but asserts the trial court abused its discretion in overruling his objections.

We disagree. The issue at trial was whether defendant was the burglar; there was no issue as to whether a burgla-

ry had occurred at the Archer residence. The questions to which defendant objected went to establishing that a burglary had in fact occurred. There was no abuse of discretion in permitting the questions.

Hearsay evidence.

On direct examination, Archer testified, over defendant's objection, that: "I got a phone call from the police saying my house had been broken into." The trial court agreed that this answer was hearsay but overruled the objection and remarked that "it doesn't hurt anything." We agree. The fact of the burglary was not an issue.

Officer Jasler went to the Archer residence; saw two male subjects run from the house; pursued them on foot and ordered them to halt. They kept running. Jasler returned to his patrol car and broadcast a description of the subjects.

Officer Moore testified he received information by police radio and proceeded to the area to assist Officer Jasler. Moore testified he had received a description of the two men; that they had left a residence and were fleeing on foot in an easterly direction.

Cross-examination established that Officer Moore's information that two persons had left a certain address (the Archer residence) was obtained from the police radio. Defendant asked that this be stricken because it was hearsay. The trial court overruled the objection because it had already been testified to by the other officer.

Officer Moore's testimony that two subjects had left the residence was hearsay and would not have been admissible if objected to when this testimony was given on his direct examination. See State v. Walker, 54 N.M. 302, 223 P.2d 943 (1950). His answer on direct examination clearly establishes the hearsay. Moore testified that: "Officer Jasler had reported via radio * * * the physical description of two subjects that had left a residence. . . ." There being no objection to this hearsay at the time, it was within the trial court's discretion to strike it when defendant subsequently made his

motion to strike. State v. Shults, 43 N.M. 71, 85 P.2d 591 (1938); see State v. Harrison, 81 N.M. 324, 466 P.2d 890 (Ct.App. 1970). The trial court did not abuse its discretion because the hearsay to which Officer Moore testified was already in evidence through the testimony of Officer Jasler.

The judgment and sentence are affirmed.

It is so ordered.

SUTIN, and HERNANDEZ, JJ., concur.