667 P.2d 462
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Louie Celestino ROYBAL,
Defendant-Appellant.**

No. 7212.

Court of Appeals of New Mexico.

July 12, 1983.

Paul G. Bardacke, Atty. Gen., Santa Fe, for plaintiff-appellee.

Janet E. Clow, Chief Public Defender, David Stafford, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

WALTERS, Chief Judge.

■ Defendant appeals from conviction of two counts of aggravated battery and one count of unlawful carrying of a firearm in a licensed liquor establishment. The docketing statement raised three issues, and summary affirmance was proposed. Defendant's timely memorandum in opposition and motion to amend the docketing statement responded only to the question of sufficient evidence to show that the liquor establishment was licensed at the time of the offense. The motion raised the additional issue of failure to instruct on essential elements of the offense of unlawful carrying of a firearm. Defendant has not opposed summary affirmance of the other issues contained in his first docketing statement. Those issues are, therefore, abandoned. *State v. Martinez,* 97 N.M. 585, 642 P.2d 188 (Ct.App.1982).

We again assigned the appeal to the summary calendar, with affirmance proposed. Defendant's memorandum in opposition was timely. We affirm.

■ An employee of the Alcoholic Beverage Control agency identified the pertinent liquor license applications and testified that those applications had been approved. Defendant argues that this evidence constitutes less than a prima facie showing of licensure. *State v. Soto,* 95 N.M. 81, 619 P.2d 185 (1980). The question on appeal is whether that testimony provided sufficient evidence from which a jury could infer that the establishment was licensed. *State v. Lankford,* 92 N.M. 1, 582 P.2d 378 (1978). *Soto, supra,* establishes that the evidence was sufficient.

Defendant was convicted of unlawful carrying of a firearm into a liquor establishment, NMSA 1978, § 30–7–3.

Section 30–7–3 provides in part:

A. Unlawful carrying of a firearm in an establishment licensed to dispense alcoholic beverages consists of carrying a loaded or unloaded firearm on any premises licensed by the department of alcoholic beverages except:

(1) by a law enforcement officer in the lawful discharge of his duties;

(2) by the owner, lessee, tenant or operator of the licensed premises or their agents, including * * * security personnel * * *;

(3) by a person in that area of the licensed premises * * * rented on a daily or short-term basis for sleeping or residential occupancy * * *; or

(4) by a person on that area of a licensed premises primarily utilized for vehicular traffic or parking.

There is no uniform jury instruction for the offense of unlawful carrying of a firearm into a liquor establishment. The instruction given was in accordance with the opening paragraph of the statute, as follows:

For you to find the defendant guilty of unlawful carrying of a firearm in an establishment licensed to dispense alcoholic beverages, the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

1. The defendant carried a loaded or unloaded firearm while in the Escondido Lounge;

2. At the time the defendant carried a firearm into the Escondido Lounge, it was an establishment licensed to dispense alcoholic beverages;

3. This happened in New Mexico on or about the 7th day of February, 1982.

Defendant now contends that the listing of the persons excepted in subsection A of § 30–7–3 constitutes an essential element of the offense, and failure to instruct on those exceptions was jurisdictional and re-

versible error. *State v. Gunzelman,* 85 N.M. 295, 512 P.2d 55 (1973).

Both *State v. Montoya,* 91 N.M. 262, 572 P.2d 1270 (Ct.App.1977), and *State v. Soto, supra,* hold that the essential elements of this offense are found in the "opening paragraph" of subsection A. Thus, the list of exceptions that follows the opening paragraph would not be, under *Montoya* or *Soto, supra,* an essential element of the offense.

 The general rule is that a defendant must prove that he is within an exception to a penal statute in order to take advantage of it; the State is generally not required to negative those exceptions. 1 *Wharton's Criminal Evidence* § 20 (13th ed. 1972); *State v. Bell,* 90 N.M. 134, 560 P.2d 925 (1977); *Cf. McKelvey v. United States,* 260 U.S. 353, 43 S.Ct. 132, 67 L.Ed. 301 (1922). (*See also State v. Everidge,* 77 N.M. 505, 424 P.2d 787 (1967); NMSA 1978, § 30–31–37 (Repl.Pamp.1980); and NMSA 1978, UJI Crim. 36.43 (Repl.Pamp.1982), relative to the defendant's burden of going forward with evidence showing he is exempted from the Controlled Substances Act.) The docketing statement does not offer any facts showing that defendant came within any of the exceptions. It equivocates, and recites: "As defense counsel did not raise this issue, and is now unavailable, it is unknown whether evidence exists to support any of the elements not instructed upon. * * *"

One of the purposes of a docketing statement is to advise the court of facts supporting appellant's contention, and the purpose of requiring trial defense counsel to prepare the docketing statement is to have those facts stated by one who was present at trial and has personal knowledge of the facts shown by the evidence. It was never contemplated that appellate counsel would be permitted to speculate about facts in order to raise an issue that a transcript of the trial testimony "might" develop or support. *See State v. Jacobs,* 91 N.M. 445, 575 P.2d 954 (Ct.App.1978). Even were we to assume that the enumeration of persons excepted is an "element" of the crime, nothing in defendant's requested instructions so much as intimates that exception from the statute was raised as a defense, or that trial counsel felt there was evidence to support such a defense. *See Bell, supra.* If defendant ordinarily must prove that he is excepted from the operation of a penal statute, obviously the jury need not be instructed on those exceptions when defendant has not cited proof or stated any facts to show that they applied to him. NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 207(d)(3) (Spec.Supp.1983).

Because failure to instruct on the statutory exceptions is not jurisdictional error, and defendant has not alleged that he objected to this omission at trial, and because the record does not disclose that any instruction requested by defendant would have raised such a defense, the issue has not been preserved for review. *State v. Bell, supra.*

The judgment is affirmed.

IT IS SO ORDERED.

DONNELLY and NEAL, JJ., concur.