681 P.2d 1106

**STATE of New Mexico, Petitioner,**

v.

**Mark Douglas FISH, Respondent.**

**No. 15001.**

Supreme Court of New Mexico.

May 25, 1984.

Paul Bardacke, Atty. Gen., Heidi Topp Brooks, Asst. Atty. Gen., Santa Fe, for petitioner.

Mary Jo Snyder, Santa Fe, for respondent.

## OPINION

STOWERS, Justice.

The State of New Mexico petitioned this Court on a writ of certiorari to review the judgment of the Court of Appeals in *State v. Fish*, Ct.App. No. 6000, (Filed May 24, 1983). The Court of Appeals reversed the respondent's convictions of second degree criminal sexual penetration, attempted first degree murder, and kidnapping and remanded for a new trial on the ground that the record is insufficient to properly review the issues asserted by the respondent on appeal.

The issues raised on certiorari are:

(1) Whether the reconstructed record of a pre-trial hearing in this case is adequate for purposes of review; and

(2) Whether the State must suffer reversal and a new trial because of the lack of an actual record of the pre-trial hearing and one set of trial exhibits consisting of photographs of the victim.

Although this matter is before this Court on a petition for writ of certiorari raising the primary issue of the sufficiency of the record, in the interest of disposing of the critical issues, we have also considered the relevancy of the victim's prior sexual history and the evidentiary importance of the lost exhibits as a basis for our opinion. We hold that the record is sufficient, and reverse the Court of Appeals.

The respondent was charged with criminal sexual penetration, kidnapping, attempted murder, armed robbery, and aggravated battery. Before trial, the respondent filed a motion for production and use of evidence of prior sexual conduct. The respondent sought evidence of a prior rape

of the victim, as well as a ruling allowing the use at trial of that evidence. The victim was raped by another individual several years earlier in Maryland. At the pre-trial hearing, the respondent also attempted to delve into other sexual conduct of the victim. However, the trial court did not permit questions regarding the victim's prior sexual conduct. Following the pre-trial hearing on the motion, the trial court ruled that evidence of the prior rape would not be admissible at trial. Following a jury trial, the respondent was found guilty of second degree criminal sexual penetration, kidnapping, and second degree attempted murder. From these convictions, the respondent appealed.

After the Court of Appeals received the record on appeal, it was discovered that the record of the pre-trial hearing and certain trial exhibits were missing. A series of hearings was held by the Court of Appeals to determine whether the record and the exhibits could be reconstructed. The State tendered reconstructed testimony of the pre-trial hearing as well as reconstructed exhibits. The State was unable to reconstruct an exhibit consisting of photographs taken by the bank camera when the victim withdrew funds from the automatic teller machine. Following these hearings, the Court of Appeals issued its memorandum opinion reversing the respondent's conviction and ordering a new trial on the basis that the reconstructed record was insufficient for the purposes of appeal. In addition to granting certiorari to review the ruling of the Court of Appeals, this Court requested that the parties brief the issues raised in the respondent's docketing statement.

 The basic interest at stake in a situation where a transcript or evidence is lost or missing is the assurance that justice is done, both to the defendant as well as the public. *State v. Pedroncelli,* 97 N.M. 190, 637 P.2d 1245 (Ct.App.1981) (quoting *State v. Chouinard,* 96 N.M. 658, 662, 634 P.2d 680, 684 (1981)). However, in deciding whether there is a sufficient record for the purpose of proceeding with an appeal, a verbatim transcript is not necessary. *State v. Wildenstein,* 91 N.M. 550, 577 P.2d 448 (Ct.App.1978); *State v. Herrera,* 84 N.M. 46, 499 P.2d 364 (Ct.App.), *cert. denied,* 84 N.M. 37, 499 P.2d 355 (1972), *cert. denied,* 409 U.S. 1110, 93 S.Ct. 918, 34 L.Ed.2d 692 (1973). The Court of Appeals in *Wildenstein* held that a partial transcript is sufficient for appeal purposes:

> Here the showing is that a partial transcript could be produced which would follow the "gist of the proceedings." Thus the material parts, the essence, of the trial proceedings were available.

*Wildenstein* 91 N.M. at 553, 577 P.2d at 451.

The record relevant to the issue of the victim's prior sexual history is the reconstructed record of the pre-trial hearing held on the respondent's motion. The State argues that the reconstructed record is sufficient for the purposes of appeal. On appeal, the respondent contends that it was error for the trial court to deny the respondent's motion to inquire into the victim's prior sexual history. Missing is the verbatim record of that hearing. The reconstructed record of the hearing consists of affidavits of those present recalling the content of the hearing. In addition, the reconstructed record includes the list of questions which was submitted by defense counsel to be asked of the victim as well as the respondent's motion which states the purpose of the hearing. The admissibility of a victim's past sexual conduct is governed by NMSA 1978, Evid.Rule 413(a) (Repl.Pamp.1983) which provides that:

> In prosecutions under Sections 30–9–11 to 30–9–15 NMSA 1978, evidence of the victim's past sexual conduct, opinion evidence thereof or of reputation for past sexual conduct, shall not be admitted unless, and only to the extent that the court finds, that evidence of the victim's past sexual conduct is material and relevant to the case and that its inflammatory or prejudicial nature does not outweigh its probative value.

In the present case, two aspects of the victim's prior sexual history were at issue.

First, the respondent requested information regarding the prior rape of the victim in Maryland. Secondly, the reconstructed record indicates that the respondent raised the issue of frequent sexual intercourse with a man from Los Lunas to establish possible propensities for extramarital sexual relations on the part of the victim as the respondent's theory of the case was voluntary intercourse.

■ Regarding the prior rape, the affidavit of respondent's trial counsel which is part of the reconstructed record of the hearing states:

> Defendant attempted to show the similarity of the prior allegation to the allegations at trial, to wit: (1) acquaintance with perpetrator (both were boyfriends), (2) both "rapes" occurred after drinking moderate to large quantities of alcohol, (3) both "rapes" involved attempted fellatio. The victim denied that both rapes involved violence and a weapon. The victim did not prosecute the Maryland incident.

The respondent claimed that the prior rape was similar to the present allegations and that there was a possibility that the victim fabricated the present charge. The theory of the defense was that of consensual intercourse and fabrication of the rape. In order for a review to be meaningful, there must be a sufficiently complete record to allow proper consideration of the issues on appeal. *State v. Herrera*, 84 N.M. 46, 47–48, 499 P.2d 364, 365–366. In light of the three alleged similarities raised by the respondent, we have reviewed the reconstructed record in this case and determine that it provides a sound basis for evaluating the trial court's decision to exclude evidence of the victim's prior rape.

Regarding the first alleged similarity, the testimony at trial showed that the respondent and his family were friends of the victim. In contrast, the reconstructed testimony of the victim given at the pre-trial hearing was that she went out with her prior assailant only once, the night of the rape. Moreover, the similarity that the victim knew her assailant is not significant in light of the trial testimony by a Rape Crisis Center counselor that over 70 percent of all forcible rapes are "acquaintance rapes."

As to the second allegation that both rapes occurred after drinking alcohol, the reconstructed record indicates that the prior assailant was drunk. The respondent testified that he had been drinking prior to the alleged rape. This claimed similarity has no relevance to the fabrication issue, since this feature could not have been fabricated by the victim.

■ The third similarity alleged by the respondent was that both rapes involved attempted fellatio. After reviewing the reconstructed record in this case, we agree with the trial court that the possibility of the prior rape involving fellatio was not relevant to the decision to exclude this evidence. The trial court based its decision on the victim's answers to questions which indicated the absence of any substantial similarity between the prior rape and the present case. The prior rape involved no weapon. In contrast, the victim testified that the present rape was carried out at knifepoint. After the rape, the respondent allegedly tied the victim's hands behind her back and then tried to drown her in the bathtub, chipping her teeth in the process. Following the attempted murder, the respondent allegedly forced the victim to withdraw money from her bank account and give it to him. Moreover, the victim did not report or prosecute the prior rape, therefore, there is no pattern of false rape reports. Finally, the trial court reasoned that since the prior rape had occurred several years before the present case, this greatly reduced the possibility that the victim would fabricate the present rape based on her prior experience. Where there is substantial evidence to support the decision of the trial court, it will not be disturbed on appeal. *State v. Gabaldon*, 43 N.M. 525, 96 P.2d 293 (1939); *State v. Aranda*, 94 N.M. 784, 617 P.2d 173 (Ct.App.1980). We determine that there was substantial evidence to support the trial court's ruling

excluding evidence of the victim's prior rape.

At the pre-trial hearing, the respondent also raised the issue of the victim's possible sexual relationship with a man from Los Lunas. As part of his defense, the respondent attempted to establish the victim's propensities for extramarital sexual relations because his theory of the case was voluntary intercourse. The trial court excluded evidence of the victim's sexual history at the hearing but decided that at trial it would hear any new evidence that the respondent could develop and would therefore reconsider its ruling. The respondent argues that the trial court erred in not allowing the use of this prior sexual history of the victim as evidence at trial. The respondent also contends that the trial court erred in not permitting the respondent to develop his evidence at the time of the hearing on his motion.

■ Prior sexual activity of the victim does not of itself bear on the victim's consent. *State v. Romero*, 94 N.M. 22, 606 P.2d 1116 (Ct.App.1980); *State v. Herrera*, 92 N.M. 7, 582 P.2d 384 (Ct.App.), *cert. denied*, 91 N.M. 751, 580 P.2d 972 (1978). Furthermore, there is a well established policy weighing against the admission of this type of evidence because:

[I]t is clear that its prejudicial effect is great. It is not the province of the jury to pass moral judgment on the victim and the court should remove the temptation to do so wherever possible.

*Romero* 94 N.M. at 26, 606 P.2d at 1120.

■ The respondent is unable to establish any logical connection between the victim's alleged prior sexual conduct and her alleged consent in this case. We determine that the victim's alleged propensities for engaging in sexual relations is not relevant to the issue of consent. *See* Evid.R. 413(a). In any event, in the present case, the reconstructed record does provide the required record of sufficient completeness to permit proper consideration of these issues. *State v. Herrera*, 84 N.M. 46, 47–48, 499 P.2d 364, 365–366. We hold that the trial court properly excluded evidence of the victim's

prior rape and other sexual history and that the reconstructed record contains substantial evidence to support the trial court's ruling.

The respondent also contends that the missing photographs are significant for review on appeal. The State was able to reconstruct all but one of the missing exhibits. The missing exhibit is a set of six automatic teller machine photographs. Four of the photographs were taken of the victim during two transactions at the automatic teller machine in the twenty-four hours *prior* to the rape. The remaining two photographs were taken after the alleged rape, attempted murder, and kidnapping when the victim testified that respondent forced her to withdraw $50 from her bank account. At trial, the State argued that the last two photographs showed the victim with wet hair, a result of the respondent's attempt to drown her. Defense witnesses characterized the victim's appearance otherwise. Both sides agree that the photographs show only the victim and not the respondent.

■ Whether the photographs show only the victim and not the respondent adds nothing to the trial testimony in the record. The testimony of the victim as well as that of the respondent establishes that the victim went up to the automatic teller machine by herself while the respondent waited in the car. Furthermore, the difference of opinion regarding the victim's appearance in the latter two photographs merely creates a conflict in the evidence. It is well settled that where a jury verdict is supported by the evidence, it will not be disturbed on appeal even though there is conflicting evidence. *State v. Lankford*, 92 N.M. 1, 582 P.2d 378 (1978). Moreover, the evidence is to be viewed in a light most favorable to the verdict, resolving all conflicts in the evidence and indulging all permissible inferences from the evidence in favor of the jury's verdict. *Id.* In the present case, we determine that the missing photographs are not essential for review of the respondent's conviction, and

therefore a retrial is not required because the photographs are missing.

The decision of the Court of Appeals is hereby reversed. This case is remanded to the Court of Appeals in order to address the remaining issues raised by the respondent.

IT IS SO ORDERED.

FEDERICI, C.J., SOSA, Senior Justice, RIORDAN and WALTERS, JJ., concur.