**Clarence TROUT, Appellant,**

**v.**

**STATE of Alaska, Appellee.**

**No. A–4803.**

Court of Appeals of Alaska.

Jan. 28, 1994.

James Wendt, Asst. Public Defender, Ketchikan, and John B. Salemi, Public Defender, Anchorage, for appellant.

Adrienne P. Bachman, Asst. Dist. Atty., Ketchikan, Richard A. Svobodny, Dist. Atty., and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before COATS and MANNHEIMER, JJ., and WOLVERTON, District Court Judge.*

*OPINION*

MANNHEIMER, Judge.

Clarence Trout appeals his conviction for consuming alcohol while under 21 years of age (often abbreviated as "minor consuming"), AS 4.16.050. We affirm.

The statute Trout was convicted of violating, AS 4.16.050, provides:

A person under the age of 21 years may not knowingly consume, possess, or control

---

* Sitting by assignment of the chief justice made pursuant to Article IV, Section 16 of the Alaska Constitution.

alcoholic beverages except those furnished ... under AS 04.16.051(b).

The exceptions listed in AS 04.16.051(b) allow alcoholic beverages to be furnished or delivered (1) by parents to their children, by guardians to their wards, and by spouses to each other, so long as the act of furnishing or delivery does not occur on the site of licensed premises, and (2) by a licensed physician or nurse to a patient in the course of medical treatment.

In the present case, the State's evidence showed that Alaska State Trooper Burke Waldron made a traffic stop of a motor vehicle; Trout, who was 20 years old at the time, was riding as a passenger in the car. Trout smelled of alcoholic beverages and he appeared intoxicated. Waldron cited Trout for consuming alcoholic beverages while under the age of 21.

Trooper Waldron was the government's sole witness at Trout's trial. During Waldron's cross-examination, the following exchange occurred:

DEFENSE ATTORNEY: Did you determine in any way where the alcohol had been consumed?

WALDRON: No.

DEFENSE ATTORNEY: Did you determine in any way where the alcohol had been purchased?

WALDRON: No.

DEFENSE ATTORNEY: Did you determine in any way who had purchased the alcohol?

WALDRON: No.

After the State rested, Trout asked the district court to grant him a judgement of acquittal because the State had failed to present any evidence to negate the possibility that Trout's alcohol had been furnished to him by a parent, guardian, or spouse. District Court Judge George L. Gucker denied Trout's motion. Judge Gucker later denied Trout's request for a jury instruction that would have required the State to prove, beyond a reasonable doubt, that the minor's alcoholic beverage(s) had not been furnished by a parent, guardian, or spouse.

■ On appeal, Trout renews his argument that the exceptions listed in AS 4.16.-051(b) are elements of the crime. Specifically, Trout argues that, to obtain a conviction for minor consuming, the State must always disprove the possibility that the minor's liquor was furnished by a parent, guardian, or spouse. We disagree. "The general rule is that a defendant must prove that he [or she] is within an exception to a penal statute in order to take advantage of it; the State is generally not required to negative those exceptions." *State v. Roybal,* 100 N.M. 155, 157, 667 P.2d 462, 464 (App.1983).

In *Roybal,* the defendant was prosecuted for carrying a firearm on licensed premises. The statute at issue, New Mexico Statute § 30-7-3A, began with a general statement prohibiting the carrying of firearms on licensed premises, and then listed a number of exceptions for (1) police officers in the discharge of their duties, (2) the owner, tenant, or operator of the premises, (3) hired security guards, (4) people in the living area of a hotel containing licensed premises, and (5) people in a parking lot or garage adjoining licensed premises. The defendant in *Roybal* argued that the jury should have been instructed that these exceptions were elements of the offense, and that it was the state's burden to affirmatively prove that none of these exceptions applied. The New Mexico court rejected this argument; the court held that the State need not affirmatively disprove any of the exceptions unless the defendant raises one or more of the exceptions as a defense and presents some evidence to support it. *Roybal,* 100 N.M. at 157, 667 P.2d at 464. *See also State v. Peters,* 334 N.W.2d 217, 221 (S.D.1983) ("A party invoking the protection of an exception to a general law must show himself clearly within the terms of the exception."); and *see* N. Singer, *Sutherland on Statutory Construction* (5th ed. 1992), § 47.11, Vol. 2A, p. 165.

Cases from early territorial days show that Alaska's first liquor laws were interpreted in accordance with this same principle: a defendant seeking the refuge of an exception to a general prohibition bore the burden of establishing the exception. *Shelp v. United States,* 1 Alaska Fed. 514, 81 F. 694

(C.C.A.Alaska 1897); *Nelson v. United States,* 1 Alaska Fed. 154, 30 F. 112 (C.C.A.Alaska 1887). No later Alaska cases appear to have addressed Trout's claim. However, the Washington Court of Appeals recently addressed an identical argument under that state's minor consuming statute. The court held that the exceptions to the general prohibition on underage consumption of alcoholic beverages were not elements of the offense, and that a defendant seeking to avail himself or herself of these exceptions was obliged to plead and prove them. *State v. Lawson,* 37 Wash.App. 539, 681 P.2d 867 (1984).

In the present case, we need not decide whether the State or the defendant bears the ultimate burden of proving the exceptions listed in AS 4.16.051(b). *Compare* Title 11's definitions of "defense" and "affirmative defense", AS 11.81.900(b)(15) and 900(b)(1). We do hold, however, that at a minimum these exceptions are "defenses" to criminal liability. That is, if a defendant wishes to invoke one of these exceptions, then at the very least the defendant must affirmatively raise the exception and point to some evidence from which a reasonable jury could decide that issue in his or her favor.

■ Trout presented no evidence that he had received his alcoholic beverages from a parent, guardian, or spouse. Nor did his questioning of Trooper Waldron furnish any evidence of one of these potential exceptions to the general statutory prohibition. Waldron testified, in answer to Trout's questions, that he had no evidence to give concerning where or how Trout had obtained the liquor. Thus, there was no evidence at trial from which a jury might reasonably have concluded that Trout had obtained his liquor from one of the exempted sources.

Even if the State ultimately bears the burden of disproving any properly raised exception to the general rule prohibiting minors from consuming alcoholic beverages (an issue we do not decide), Trout failed to properly raise any of the statutory exceptions; he failed to satisfy the "some evidence" test. The district court therefore correctly denied Trout's motion for a judgement of acquittal, and the court also correctly denied Trout's request for a jury instruction that would have required the State to disprove all possible exceptions to Trout's criminal liability.

The judgement of the district court is AFFIRMED.

BRYNER, C.J., not participating.