This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                    No. A-1-CA-36954

**JOHN JARAMILLO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin S. Chavez, District Court Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Josephine H. Ford
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Defendant appeals from convictions for aggravated DWI, failure to maintain lane, and improper right turn. We previously issued a notice of proposed summary

disposition in which we proposed to uphold the convictions. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}     Defendant has raised two issues, contending that the district court erred in failing to grant a mistrial, and challenging the sufficiency of the evidence. Relative to these issues, we previously set forth the relevant background information and principles in the notice of proposed summary disposition. We will avoid undue reiteration here, focusing instead on the content of the memorandum in opposition.

{3}     With respect to the motion for mistrial, Defendant continues to argue that the prosecutor's comments concerning his failure to cooperate with the investigation and his concomitant refusal to "prove himself innocent" shifted the burden of proof from the State to himself, in derogation of his constitutional rights to due process and a fair trial. [MIO 2] Defendant further argues that neither the curative instruction that was given by the trial court nor the prosecutor's clarifying remarks should be said to have rectified the impropriety. [MIO 3-6] As we explained in our proposed summary disposition, we review such claims based upon our application of three factors set forth in *State v. Sosa*, 2009-NMSC-056, ¶ 26, 223 P.3d 348. We remain unpersuaded by Defendant's argument, and briefly explain.

2

**{4}** First, to the extent the prosecutor's latter comment inverted Defendant's right to be presumed innocent until proven guilty beyond a reasonable doubt, we have acknowledged its impropriety. [CN 3] *See State v. Yancey*, 2017-NMCA-090, ¶ 20, 406 P.3d 1050 (observing that the right to be presumed innocent until proven guilty beyond a reasonable doubt is among the litany of procedural and substantive rights secured and safeguarded by the United States and New Mexico Constitutions). However, our review of the record indicates the broader permissible context in which that statement was made, which went to the prosecutor's invitation to the jury to infer consciousness of guilt from Defendant's refusal to submit either to field sobriety testing or to breath testing. *See State v. Marquez*, 2009-NMSC-055, ¶ 16, 147 N.M. 386, 223 P.3d 931 (observing that a jury may infer consciousness of guilt from a defendant's refusal to submit to breath alcohol testing), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110; *State v. Sanchez*, 2001-NMCA-109, ¶ 9, 131 N.M. 355, 36 P.3d 446 ("The State can use evidence of a driver's refusal to consent to the field sobriety testing to create an inference of the driver's consciousness of guilt."); *State v. Storey*, 2018-NMCA-009, ¶ 40, 410 P.3d 256 ("New Mexico courts repeatedly have relied on evidence of refusal to consent to breath and blood alcohol tests to support convictions for driving while under the influence of alcohol."). Although Defendant has indicated that he "disagrees" with this

3

line of authority, [MIO 4] he articulates no basis for his disagreement, apart from suggesting that it sanctions a non-specific "constitutional violation" [MIO 5] and citing dated authority addressing prosecutorial misconduct and harmless error in entirely unrelated situations. [MIO 5-6] Under the circumstances, we decline to depart from precedent. *See State v. Riley*, 2010-NMSC-005, ¶ 40, 147 N.M. 557, 226 P.3d 656, (Chávez, J., specially concurring) (explaining that stare decisis prevents this Court from overruling precedent where the parties have not briefed and specifically argued the relevant factors to be considered before overturning our precedent), *overruled on other grounds by State v. Montoya*, 2013-NMSC-020, 306 P.3d 426. Accordingly, we conclude that the prosecutor's broader argument, inviting the jury to draw an inference of consciousness of guilt from Defendant's refusal to participate in field sobriety and breath alcohol testing was permissible. *See Marquez*, 2009-NMSC-055, ¶ 12; *Sanchez*, 2001-NMCA-109, ¶ 9; *State v. Herrera*, 1972-NMCA-068, ¶ 8, 84 N.M. 46, 499 P.2d 364 ("Statements having their basis in the evidence, together with reasonable inferences to be drawn therefrom, are permissible and do not warrant reversal." (internal quotation marks and citation omitted)). Our assessment of the first *Sosa* factor—whether the challenged "statement invades some distinct constitutional protection"—is therefore mixed. *Sosa*, 2008-NMSC-056, ¶ 23.

4

{5} Turning to the second and third factors, we first note that the objectionable comment was brief and isolated. [MIO 3] This weighs against Defendant's assertion of error. *See Sosa*, 2009-NMSC-056, ¶ 31 ("[O]ur appellate courts have consistently upheld convictions where a prosecutor's impermissible comments are brief or isolated."); *State v. Brown*, 1997-NMSC-029, ¶ 23, 123 N.M. 413, 941 P.2d 494 ("The general rule is that an isolated comment made during closing argument is not sufficient to warrant reversal."). However, we find no indication that the specifically challenged comment was "invited by the defense." [MIO 3] *See Sosa*, 2009-NMSC-056, ¶ 31. This lends further support to Defendant's position. In summary, the various *Sosa* factors yield a roughly balanced result.

{6} But *Sosa* is further instructive: "These three factors are useful guides, but in the final analysis context is paramount." *Id.* ¶ 34. As previously stated, in context, the prosecutor's comment invited both a permissible and an impermissible inference. Moreover, the impermissible inference (i.e., that Defendant bore the burden of proving his own innocence) was promptly, clearly, and repeatedly corrected by both counsel and the court. [MIO 1, 4] *See Brown*, 1997-NMSC-029, ¶ 23, 123 N.M. 413, 941 P.2d 494 (observing that where an improper statement is corrected by counsel or the court, a mistrial is not likely to be required). Although Defendant suggests that the district court should have supplied greater clarity, [MIO 3-4] we disagree. The instruction

5

given, that Defendant did not bear the burden of proving his own innocence, and that it is always the State's burden to prove guilt beyond a reasonable doubt, [MIO 1] was very clear. And as described at greater length below, the evidence of guilt was compelling. *See id.* ("Where evidence of guilt is overwhelming . . . reversible error is less likely."). Under the circumstances, we conclude that the prosecutor's comment could not be said to have materially altered the trial or provoked jury confusion, depriving Defendant of a fair trial. *See id.* (describing these as ultimate considerations in this context). We therefore hold that the district court did not abuse its discretion in denying Defendant's motion for mistrial.

{7}     Finally, we turn to Defendant's challenge to the sufficiency of the evidence to support his conviction for aggravated DWI. The officer observed Defendant driving in two lanes of traffic and making an erratic turn. [DS 1-2] Defendant's speech was slurred and his breath smelled of alcohol, [DS 3] Defendant swayed noticeably, [DS 4] and he refused to submit to field sobriety or breath-alcohol testing. [DS 5; MIO 4] This supplies ample support for the verdict. *See, e.g., State v. Marquez*, 2008-NMCA-133, ¶¶ 15-18, 145 N.M. 31, 193 P.3d 578 (holding that the evidence was sufficient to support a finding that the defendant was impaired by alcohol to the slightest degree where he was observed driving erratically, he smelled of alcohol, he had bloodshot, watery eyes and slurred his speech, he was slow to respond and braced

himself on his vehicle for balance, he performed field sobriety tests poorly and he repeatedly refused to take a breath alcohol test, supporting an inference of consciousness of guilt), *rev'd on other grounds,* 2009-NMSC-055, 147 N.M. 386, 223 P.3d 931; *State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (upholding a conviction where the defendant had bloodshot watery eyes, smelled of alcohol, and slurred speech, and refused to submit to chemical testing), *overruled on other grounds by Tollardo*, 2012-NMSC-008; *State v. Neal*, 2008-NMCA-008, ¶ 29, 143 N.M. 341, 176 P.3d 330 (affirming a DWI conviction based on evidence that the defendant veered over the shoulder line three times, smelled of alcohol, had bloodshot watery eyes, admitted drinking, and failed to adequately perform field sobriety tests); *Sanchez,* 2001-NMCA-109, ¶¶ 2-4, 15-17 (holding that evidence was sufficient to support DWI conviction, notwithstanding the fact that the officer did not actually observe impaired driving, where the defendant smelled of alcohol and had bloodshot, watery eyes, he refused to consent to field sobriety and blood alcohol tests, and he appeared to be intoxicated). Although Defendant contends that the various indicia of intoxication could have been the product of other conditions and circumstances, [MIO 7-8] the jury was at liberty to find as it did.

{8} Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{9}    **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**JENNIFER L. ATTREP, Judge**