This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40705**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**SAMUEL CHAVEZ ENRIQUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}**     Defendant appeals his conviction for second-degree murder. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement. After due consideration, we deny the motion and affirm.

**{2}**     We will begin with the motion to amend, by which Defendant principally seeks to advance a challenge to the district court's failure to instruct the jury, sua sponte, on the

lesser included offense of involuntary manslaughter. [MIO 1-2, 4-13] As Defendant acknowledges, [MIO 8-10] such an instruction could only have been appropriate if the beating he inflicted upon the victim was susceptible to characterization as simple battery. *See, e.g, State v. Skippings*, 2011-NMSC-021, ¶¶ 10-13, 150 N.M. 216, 258 P.3d 1008 (illustrating). However, insofar as Defendant's own recorded statement made clear that he repeatedly struck the victim even after he lost consciousness, [DS 5] and insofar as the victim died as a result of the injuries Defendant inflicted upon him, [DS 2] Defendant's conduct unquestionably rose to the felony-level offense of aggravated battery. *See generally* NMSA 1978, § 30-3-5(C) (1969) (describing felony-level aggravated battery); *State v. Marquez*, 2016-NMSC-025, ¶¶ 17-18, 376 P.3d 815 (explaining that a battery committed with intent to injure and which results in great bodily harm is a third-degree felony, and further noting that "[i]f a battery results in death, the crime would remain a third-degree felony unless the offender acted with an intent to kill or knowledge of a serious likelihood of death or great bodily harm, in which case the crime is second-degree murder"); *State v. Pettigrew*, 1993-NMCA-095, ¶¶ 5-6, 116 N.M. 135, 860 P.2d 777 (noting that the distinction between simple and aggravated battery turns upon intent to injure, and holding that instruction on simple battery was not warranted where the defendant acknowledged that he struck the victim multiple times). Although Defendant now suggests that the cause of death was uncertain, [MIO 10-11] this is patently at odds with both his acknowledgement in the docketing statement that the victim "died from injuries sustained in the fist fight" [DS 2] and the jury's verdict. [RP 295, 309] We therefore reject Defendant's attempt to inject ambiguity on this point, and ultimately perceive no merit to his contention that instruction on involuntary manslaughter was warranted. *See generally Skippings*, 2011-NMSC-021, ¶ 10 ("[T]o obtain an instruction on a lesser included offense, '[t]here must be some view of the evidence pursuant to which the lesser offense is the highest degree of crime committed, and that view must be reasonable.'" (quoting *State v. Brown*, 1998-NMSC-037, ¶ 12, 126 N.M. 338, 969 P.2d 313).

**{3}** We further note, any election to request such an instruction would have constituted a strategic decision, which the district court was not in a position to make on Defendant's behalf. *See State v. Boeglin*, 1987-NMSC-002, ¶¶ 8-10, 18, 105 N.M. 247, 731 P.2d 943 (rejecting an argument that the district court should have instructed the jury sua sponte on a lesser included offense, and explaining that "we consistently have imposed upon the defendant the duty to make the tactical decision whether or not to seek jury instructions on lesser degrees of homicide supported by the evidence," holding that it is not necessary to conduct a "formulaic inquiry" into a defendant's decision to waive lesser included offense instructions, and ultimately explaining that where the defendant was represented by counsel "we may assume that he knew of his right to [a lesser included offense] instruction and of the possible consequences of his waiver").

**{4}** In light of the foregoing considerations, we similarly reject Defendant's suggestion that his attorney's failure to request an instruction on involuntary manslaughter should be regarded as ineffective assistance of counsel. [MIO 13-17] *See generally State v. Roybal*, 2002-NMSC-027, ¶ 21, 132 N.M. 657, 54 P.3d 61 (explaining

that where there is a plausible, rational strategy or tactic to explain counsel's conduct, a prima facie case for ineffective assistance is not made); *State v. Baca*, 1997-NMSC-018, ¶ 14, 123 N.M. 124, 934 P.2d 1053 (stating that failure to request a jury instruction which lacks an evidentiary basis is not ineffective assistance); *Boeglin*, 1987-NMSC-002, ¶ 18 (reiterating that the decision not to submit a lesser included offense to the jury is often tactical). Although Defendant contends that the record does not affirmatively establish his desire to pursue an all-or-nothing approach, [MIO 13] this does not supply the requisite support for his claim of ineffective assistance. *See, e.g., State v. Jensen*, 2005-NMCA-113, ¶¶ 12-16, 138 N.M. 254, 118 P.3d 762 (rejecting a claim of ineffective assistance of counsel based on a failure to submit a lesser included offense instruction, where the record contained "no indication that Defendant's counsel acted in derogation of his client's wishes," and where the defendant offered "no persuasive argument that eliminates any conceivable and viable strategy or tactic"). *See generally Roybal,* 2002-NMSC-027, ¶ 19 ("When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition.").

**{5}**     In light of the foregoing considerations, we conclude that the additional issues Defendant seeks to raise are not viable. We therefore deny the motion to amend. *See, e.g., State v. Powers*, ¶ 8, 1990-NMCA-108, 111 N.M. 10, 800 P.2d 1067 (illustrating).

**{6}**     We turn next to the only issue originally advanced in the docketing statement and renewed in the memorandum in opposition, by which Defendant continues to contend that the district court erred in denying his motion for mistrial based upon a witness' reference to his post-*Miranda* silence. [DS 8; MIO 17-21] Because we previously set forth the relevant background information and principles of law, [CN 6-7] we will not reiterate them here. Although Defendant continues to assert that the comment amounted to reversible error, he fails to meaningfully dispute or otherwise address the significance of the isolated and unsolicited nature of the comment. [CN 6] Instead, he speculates that a more intensive review of the record might support a different result. This is unpersuasive. *See State v. Roybal*, 1983-NMCA-085, ¶ 10, 100 N.M. 155, 667 P.2d 462 ("It was never contemplated that appellate counsel would be permitted to speculate about facts in order to raise an issue that a transcript of the trial testimony 'might' develop or support."). Because Defendant has not asserted any new facts, law, or argument that persuade us that our notice of proposed disposition was erroneous, we adhere to our initial assessment of this matter. *See generally Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{7}** In closing, Defendant urges the Court to reassign the case to the general calendar to facilitate more thorough review. [MIO 21-24] However, the information that is presently available is sufficient to permit meaningful review of the issues. *See generally State v. Ibarra*, 1993-NMCA-040, ¶ 9, 116 N.M. 486, 864 P.2d 302 (explaining that the Court is "free to determine the nature and extent of the trial record necessary to fully review the issues raised in each case and require a transcript in only those cases where it would advance appellate resolution of the issues raised"); *State v. Herrera*, 1972-NMCA-068, ¶ 3, 84 N.M. 46, 499 P.2d 364 (indicating that in order to conduct a meaningful appellate review, the record must only be of sufficient completeness to permit proper consideration of an appellant's claims). Consequently, we conclude that reassignment to the general calendar is unnecessary.

**{8}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{9}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**ZACHARY A. IVES, Judge**