This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40805**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**ROBERT MEYN JR.,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Lee A. Kirksey, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Aletheia V.P. Allen, Solicitor General
Albuquerque, NM

for Appellee

Harrison & Hart, LLC
Nicholas T. Hart
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}**    Defendant appeals his convictions for aggravated fleeing a law enforcement officer and reckless driving. We previously issued a notice of proposed summary disposition in which we proposed to affirm the former conviction and reverse the latter on double jeopardy grounds. The State has filed a responsive memorandum indicating that it does not oppose. Defendant has filed a combined memorandum in opposition

and motion to amend the docketing statement. After due consideration, we deny the motion, and we affirm in part, reverse in part, and remand.

**{2}**     We will begin with the motion to amend, by which Defendant seeks to advance a challenge to his identification in court. [MIO 6-11] Defendant acknowledges that there is no indication that any objection was raised at trial. [MIO 7] Accordingly, the matter is reviewed for plain error only. *See, e.g.*, *State v. Antonio M.*, 2022-NMCA-041, ¶ 37, 516 P.3d 193 (reviewing for plain error under analogous circumstances), *rev'd*, 2023-NMSC-022, 536 P.3d 487.

**{3}**     Because this issue concerns an in-court identification, on appeal we are called upon to determine "'whether the procedure used was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification and whether, under the totality of the circumstances, the identification was still reliable.'" *Id.* ¶¶ 41, 43 (quoting *State v. Martinez*, 2021-NMSC-002, ¶ 28, 478 P.3d 880).

**{4}**     Defendant contends that the in-court identification procedure was impermissibly suggestive because he was "required . . . to remove his mask and to be the only unmasked person in the courtroom." [MIO 7] We pause to note that it is not entirely clear that this is an accurate reflection of what transpired. The record indicates that the prosecutor paused to alert the trial court to the relevant case law before proceeding, after which the judge "advise[d the j]ury of removing mask." [RP 117] This cryptic notation does not specify whether Defendant was actually instructed to remove his mask, or if he was required to do so in isolation. Presumably, trial counsel could elucidate. *See Loverin v. Debusk*, 1992-NMCA-023, ¶ 3, 114 N.M. 1, 833 P.2d 1182 (explaining that responsibility for preparing a docketing statement falls on trial counsel because trial counsel was present during the proceedings and knows first-hand what transpired). However, the memorandum in opposition contains no indication that appellate counsel inquired about this matter. This is problematic. *See generally State v. Rojo*, 1999-NMSC-001, ¶ 53, 126 N.M. 438, 971 P.2d 829 (holding that where the record is doubtful or deficient, every presumption is indulged by the reviewing court in favor of the correctness and regularity of the proceedings in the trial court).

**{5}**     Even if we assume that Defendant was required to remove his mask and to do so alone, the situation presented in this case remains markedly different from the scenario addressed in *Antonio M.*, upon which Defendant relies. [MIO 8-9, 11] The record reflects that the prosecutor neither identified Defendant by name nor directed the witness's attention to Defendant. [RP 117] Rather, he started by establishing the witness's prior acquaintance with Defendant, including his ability to identify him in various out-of-court settings, as well as his ability to describe Defendant's general appearance. [RP 114] This appears to have been in accordance with trial counsel's motion in limine concerning identification. [RP 94, 99] Next, the prosecutor played a recording in the course of which the witness specifically identified Defendant by name as the driver on the date of the occurrence in question. [DS 7; RP 115-116] Thereafter the prosecutor asked the witness how he had recognized Defendant on that occasion, then asked if the

driver was in the courtroom, and finally asked the witness to describe what Defendant was wearing. [RP 117]

**{6}** In summary, the record before us makes clear that this was not a situation in which the witness's familiarity with Defendant or his ability to identify him in court was seriously in question, and the manner in which the prosecutor proceeded was not "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Martinez*, 2021-NMSC-002, ¶ 28 (internal quotation marks and citation omitted); *see also State v. Ramirez*, 2018-NMSC-003, ¶¶ 31, 35, 409 P.3d 902 (indicating that although in-court identifications are inherently suggestive, this does not render them impermissible, and observing that procedures violate due process only if they are both suggestive and unnecessary).

**{7}** Finally, we note that although the accuracy of the witness's identification of Defendant *on the date of the occurrence* was at issue, numerous constitutional safeguards were employed in relation thereto, including "the right to have a jury evaluate the testimony of witnesses, the right to confront eyewitnesses, the right to the effective assistance of an attorney who can expose the flaws of eyewitness testimony on cross-examination and focus the jury's attention on such flaws during opening and closing arguments . . . and the requirement that the state prove guilt beyond a reasonable doubt," *id.* ¶ 35, all of which supply additional protection against any unfairness resulting from the eyewitness identification.

**{8}** In light of the foregoing considerations, we conclude that the additional issue Defendant seeks to raise is not viable. We therefore deny the motion to amend. *See, e.g.*, *State v. Powers*, ¶ 8, 1990-NMCA-108, 111 N.M. 10, 800 P.2d 1067 (illustrating).

**{9}** We turn next to the only issue advanced in the docketing statement and renewed in the memorandum in opposition, by which Defendant challenges the sufficiency of the evidence to support his convictions. At this juncture, Defendant specifically and exclusively contends that Sergeant Garcia's testimony identifying him as the driver of the vehicle might have been equivocal. [MIO 5] However, this speculative concern is at odds with both the docketing statement and entries in the tape log, reflecting that Sergeant Garcia testified that he had made a "positive identification" of Defendant [DS 6] and was "sure" he was the driver. [DS 6; RP 121] We therefore remain unpersuaded by Defendant's attempt to inject ambiguity on this point. *See generally State v. Roybal*, 1983-NMCA-085, ¶ 10, 100 N.M. 155, 667 P.2d 462 ("It was never contemplated that appellate counsel would be permitted to speculate about facts in order to raise an issue that a transcript of the trial testimony 'might' develop or support."). And ultimately, regardless of any equivocation, the jury was at liberty to credit Sergeant Garcia's eyewitness identification of Defendant as the driver. *See Ramirez*, 2018-NMSC-003, ¶ 13 (rejecting a challenge to the sufficiency of the evidence to support a conviction on grounds that eyewitness testimony is "unreliable," and observing that juries are free to accept or reject eyewitness accounts).

**{10}** Finally, Defendant suggests that a more intensive review of the record might support a different result, and urges this Court to reassign the case to the general calendar to facilitate a more thorough review. [MIO 6] However, for the reasons previously stated, we conclude that the information that is presently available is sufficient to permit meaningful review of the issues. *See generally State v. Ibarra*, 1993-NMCA-040, ¶ 9, 116 N.M. 486, 864 P.2d 302 (explaining that the appellate court is "free to determine the nature and extent of the trial record necessary to fully review the issues raised in each case and require a transcript in only those cases where it would advance appellate resolution of the issues raised"); *State v. Herrera*, 1972-NMCA-068, ¶ 3, 84 N.M. 46, 499 P.2d 364 (indicating that in order to conduct meaningful appellate review, the record must only be of sufficient completeness to permit proper consideration of an appellant's claims). Consequently, we conclude that reassignment to the general calendar is unnecessary.

**{11}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm in part, reverse in part, and remand for vacation of the reckless driving conviction.

**{12}  IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**J. MILES HANISEE, Judge**