This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41304**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JUAN LOPEZ-BANOS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Conrad F. Perea, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur. Chief Public Defender
Santa Fe, NM
Mark A. Peralta-Silva, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** Defendant appeals the district court's judgment and sentence, convicting him of second degree murder. Unpersuaded that Defendant's docketing statement demonstrated error, we issued a notice proposing to summarily affirm. Defendant has responded to our notice with a memorandum in opposition. After due consideration, we remain unpersuaded and affirm.

**{2}** On appeal, Defendant challenges the sufficiency of the evidence to support his conviction. [MIO 2-4] Our notice proposed to affirm based on evidence of Defendant's multiple statements to different people that he killed Victim, felt remorse or despair, and wanted to kill himself; the presence of multiple stab wounds to Victim's back, which caused her death; and the presence of the knife in Defendant's chest at the scene of Victim's death. [CN 3; DS unnumbered 1-2] Defendant's response to our notice maintains that he did not kill his wife and that she killed herself. [MIO 3-4] Defendant does not dispute the facts upon which our notice relied and does not point out legal error in our conclusion; rather, he relies on the testimony he provided in his own defense. [MIO 3-4]

**{3}** This is inadequate to demonstrate error in our proposed analysis. "A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact"; the repetition of earlier arguments does not fulfill this requirement. *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Additionally, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829; *see also State v. Salas*, 1999-NMCA-099, ¶ 11, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie).

**{4}** Defendant acknowledges that evidence supporting acquittal does not equate to insufficient evidence, but nevertheless requests that we reassign this case to the general calendar to review the sufficiency of the evidence. [MIO 4] Because the facts are undisputed and we see no other need to review the full record, we reject Defendant's request for reassignment to the general calendar. *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 1, 122 N.M. 486, 927 P.2d 41 (providing that when the facts are not disputed, a case may appropriately be decided on the summary calendar); *State v. Ibarra*, 1993-NMCA-040, ¶ 9, 116 N.M. 486, 864 P.2d 302 (explaining that the Court is "free to determine the nature and extent of the trial record necessary to fully review the issues raised in each case and require a transcript in only those cases where it would advance appellate resolution of the issues raised"); *State v. Sheldon*, 1990-NMCA-039, ¶ 5, 110 N.M. 28, 791 P.2d 479 ("[R]eassignment to a nonsummary calendar would serve no purpose other than to allow appellate counsel to pick through the record. It has long been recognized by this [C]ourt that the appellate rules do not allow appellate counsel to pick through the record for possible error."); *State v. Herrera*, 1972-NMCA-068, ¶ 3, 84 N.M. 46, 499 P.2d 364 (indicating that in order to conduct a meaningful appellate review, the record must only be of sufficient completeness to permit proper consideration of an appellant's claims).

**{5}** For the reasons stated above and in our notice, we hold that the State presented sufficient evidence to support Defendant's conviction and affirm the district court's judgment and sentence.

{6}     IT IS SO ORDERED.

JANE B. YOHALEM, Judge

WE CONCUR:

JENNIFER L. ATTREP, Chief Judge

KATHERINE R. WRAY, Judge